INHABITANTS OF TEMPLETON *vs.* AUSTIN C. STRATTON.

Worcester. Oct. 2, 1879. — Jan. 19, 1880. ENDICOTT & LORD, JJ., absent.

On a complaint, under the Gen. Sts. *c.* 70, § 5, by a town against a father for the support of his adult pauper daughter, it may properly be found that he is of "sufficient ability" to contribute to such support, where the value of his entire property, above his debts, is between $5000 and $6000, notwithstanding he is in poor health, unable to do hard work, has a wife and infant child dependent upon him, and his income, although he has lived in a prudent manner, is, and has been for some years, less than his expenses.

COMPLAINT, filed May 2, 1878, under the Gen. Sts. *c.* 70, § 5, to obtain from the defendant contribution towards the support of his adult daughter, Josephine Stratton, an imbecile and pauper. Trial in the Superior Court, without a jury, before *Pitman,* J., who found the following facts:

Josephine Stratton has been for many years supported in whole or in part by the plaintiff town, and is thirty-five years of age. The defendant was formerly a farmer, and more recently a pedler, and lived in Templeton until about the time this complaint was filed, when he moved to Harvard. For some years he was a widower, and Josephine was his only living child. In 1877, he married again, and now has an infant child. No claim was ever made on him by the plaintiff for the support of Josephine until this complaint. At about eighteen years of age, Josephine was sent to an insane asylum, and after some years was transferred to the almshouse and has been continually supported as a pauper, the respondent in all that time contributing in the gross but about $30 for her support. The respondent is now the owner of a farm in Harvard, a small house in Templeton, a pasture in Petersham, with some personal property, his whole property amounting to between $5000 and $6000 above his debts, at a cash valuation in the present market. He is in poor health and unable to do hard work, being obliged to carry on his farm by hired help. His wife is a feeble woman, not able to accomplish much for the support of the family. For some years he has run behindhand from $50 to $100 per year, his income being insufficient to provide for his needs, and he has been obliged to expend to the amounts stated from his capital; and this is, the

case now. He lives in a prudent and careful manner, and is not in any way chargeable with extravagance. The amount of money sought to be recovered by this complaint was properly expended by the plaintiff town within six months prior to the filing of the complaint; and the actual expense of supporting the pauper is $1.66 per week, at the poor-farm in Templeton, where she is supported.

The defendant asked the judge to rule that the intent of the Gen. Sts. c. 70, §§ 4–11, is to enable towns to relieve themselves in whole or in part from the expense attending a statute obligation to support paupers; and that the complainant must show clearly that the respondent is of sufficient ability to contribute to such support without crippling himself in the discharge of his other obligation to his wife and minor child, or in his own reasonable maintenance according to his station in life and his needs, without exhausting or impairing the principal of his property.

The judge declined so to rule; but ruled that it was for the court to decide, under all the circumstances of the case, whether the respondent was of sufficient ability to contribute towards the support of his pauper daughter; that while it must appear that such contribution would not cause present deprivation of reasonable and comfortable support of the respondent and his family, or interfere with the fulfilment of his obligations to others, yet the fact that such contribution might impair his capital was not of itself a sufficient reason why such contribution should not be ordered; that the question was one of present ability; and that the court was not bound to calculate remote and uncertain results depending in part upon unforeseen contingencies, especially as the statute provided for the future revision and alteration of any decree that might be made.

The judge found that the allegations of the complaint were maintained, and assessed against the respondent the sum of $50 towards the support of the pauper, to the time of the assessment, June 18, 1879, and the sum of $1.50 per week, from and after July 1, 1879, to be paid quarterly, with the costs of this complaint. The respondent alleged exceptions.

*W. S. B. Hopkins*, for the respondent.

*F. P. Goulding*, (*S. Cady* with him,) for the complainant.

AMES, J. By the terms of the Gen. Sts. *c.* 70, §§ 4–6, the defendant was liable on this process, if found to be of sufficient ability, and in proportion to his ability, to be assessed a reasonable sum for or towards the support of the pauper, to the time of the assessment, and a further weekly sum towards her future support. The statute furnishes no definition of the words " sufficient ability. " Each case of the kind must depend upon its own special circumstances, and to a large extent also upon the discretion of the court. The only question of law presented by this bill of exceptions is as to the correctness of the interpretation applied to the words " of sufficient ability," by the presiding judge.

It was correctly ruled that it was a question of present ability, not ability to pay the assessment under all the uncertain contingencies which might happen in the future. It was to be judged of with reference to the existing state of things, and to the present state of the defendant's property and debts, his income and probable earnings, and his present reasonable expenses. It is to be remembered that, under § 11 of the statute, the court has power, on application, to revise and alter the assessment, if in course of time it shall be found to be burdensome and oppressive.

Under a similar statute in New Hampshire, it was decided, in *Dover* v. *McMurphy*, 4 N: H. 158, that a farmer whose real estate was worth from one thousand to eighteen hundred dollars, whose personal estate was valued at from two hundred to five hundred dollars, and whose debts were seven hundred dollars more than the debts due to him, was not to be considered as of sufficient ability to be a proper subject of this process. The court in its decision says that, under such an assessment, his income would be insufficient for his support, and therefore he should be excused from that additional burden. In *Hillsborough* v. *Deering*, 4 N. H. 86, it also says, in substance, that a farmer ought not to be called on in this manner, who cannot from his farm, with his own labor and the assistance of his family, maintain himself, his wife and children, and pay the interest of his debts. And in *Colebrook* v. *Stewartstown*, 10 Foster, 1, the rule is stated to be, that, if a father cannot afford the required contribution without reducing his property below the amount required, with his

labor, to afford a comfortable support to his family, and thus hazarding their comfortable support for the future, he is to be excused. But we do not understand that there is any decision of that court, to the effect that a man's income is the only thing to be considered in judging of his ability.

The rule which the respondent requested the court to adopt, in our judgment, goes beyond these decisions of the New Hampshire court, and would restrict this statutory liability to such persons only as have a surplus income over and above their own reasonable maintenance, according to their respective stations and needs. The court was right in refusing to adopt this ruling. We cannot agree that, in the case of a man whose property at a cash valuation in the present market exceeds his debts by between five and six thousand dollars, the amount of his income is necessarily the decisive test of his ability to pay such an assessment. It is easy to suppose a case in which a man might have large possessions, although the immediate income might be small. It was correctly ruled, therefore, that if the required contribution " would not cause present deprivation of reasonable and comfortable support of the respondent and his family, or interfere with the fulfilment of his obligations to others, yet the fact that such contribution might impair his capital was not of itself a sufficient reason why such contribution should not be ordered." *Exceptions overruled.*