CITY OF NEWTON vs. ANN FEELEY.

Suffolk. November 19. — 24, 1880. LORD & SOULE, JJ., absent.

In an action by a city, under the Gen. Sts. c. 73, § 25, against a woman, to recover $479, paid for her support at a lunatic hospital, there was evidence that the defendant, when out of the hospital, lived with an intemperate husband and a lame daughter, neither of whom rendered her much assistance, and that the defendant's mental condition was such as to incapacitate her for any labor, that she owned a lot of land worth $375, which, after part of the money sued for had been paid by the plaintiff, she had conveyed to her daughter without consideration; that, after this conveyance, she effected insurance on the house in her own name, and the attorney of her guardian had received $775 from the insurance company for the destruction of the same by fire, which sum was claimed by the daughter. *Held*, that this evidence would warrant a finding that the defendant was not " of sufficient ability" to pay the sums expended by the plaintiff.

CONTRACT to recover $479.03, paid by the plaintiff for the support of the defendant at the State Lunatic Hospital, at Worcester, at different times since 1873. Writ dated October 15, 1877. Trial in the Superior Court, without a jury, before *Colburn*, J., who found the following facts:

The defendant is, and has been for many years, a married woman, living with her husband, when out of the hospital, at Newton. Her husband is, and has been for a long time, of intemperate habits, rendering her little if any assistance, and frequently causing her trouble. She has one unmarried daughter, now twenty-seven years of age, who lives with her, but, in consequence of lameness, is unable to do much work. She has also a married daughter, and no other children. The defendant was at the hospital in Worcester, from June 14, 1873, to August 11, 1874; from December 4, 1875, to October 3, 1876; and from June 9, 1877, to the date of the writ; and when not in the hospital, her mental condition is such as to incapacitate her for any labor.

She owned a small lot of land in Newton worth $375, upon which stood a small part of a dwelling-house, which had been for many years occupied by her, her husband and unmarried daughter. On October 19, 1876, the defendant, her husband joining in the deed, conveyed this lot of land to her unmarried daughter, who with her sister owned some land adjoining, upon

which the greater part of the house stood. This conveyance was made that the daughter might control the property and preserve a home, and was thought expedient in consequence of the habits of her father and the liability to insanity of her mother. At the same time, the daughter acquired the interest of her sister in the adjoining land and part of the house.

On December 27, 1876, the defendant procured insurance in her own name on the house, representing that she was the owner, the house having previously been treated as hers; and the insurance was paid for, one half by the return premium on a prior policy to the defendant, and one half by the daughter. On April 8, 1877, the house was destroyed by fire. On April 19, 1877, the defendant, in her application for payment of the loss, made oath that the property insured belonged to her, and that "no other person or party had any interest therein." The insurance company, though contending that it was not legally liable to pay the loss, from equitable considerations paid the attorney of the supposed guardian of the defendant $775, and the attorney was summoned as trustee in this action, and the daughter came in as a claimant of the funds in the trustee's hands. The appointment of the guardian who was acting at the time of said payment was subsequently declared void by the Probate Court, and a new guardian appointed, who defends this action. There was no claim that the defendant had any property except as is hereinbefore stated.

The plaintiff paid the amount sought to be recovered for the support of the defendant at the hospital during the times above stated.

The judge ruled that, if the coverture of the defendant was not a bar to this action, upon any view which could be taken, under the facts as found, she was not, within the meaning of the Gen. Sts. *c.* 73, § 25, of sufficient ability to pay the plaintiff's claim; and ordered judgment for the defendant. The plaintiff alleged exceptions.

*T. H. Talbot,* for the plaintiff.

*B. B. Johnson & E. T. Luce,* for the defendant.

BY THE COURT. Assuming, as most favorable to the plaintiff, that the defendant's coverture was no bar to this action, there was ample evidence that she was not of "sufficient ability"

to pay the expenses of her support, and therefore was not liable for them under the Gen. Sts. *c.* 73, § 25. See *Templeton* v. *Stratton*, 128 Mass. 137.                    *Exceptions overruled.*