ARTHUR B. CHAPIN *vs.* MARGARET McCURDY.

Suffolk.    March 20, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Insane Person. Words,* " Known," " Sufficient," " Of sufficient ability."

R. L. c. 87, § 78, provides that " the charges for the support of insane persons not having known settlements in this Commonwealth shall be paid quarterly by the Commonwealth and may afterwards be recovered by the treasurer and receiver general from such insane persons, if of sufficient ability." At the trial of an action brought by the treasurer and receiver general under this provision to recover charges paid for the support of an insane person during a certain period at the Worcester Insane Hospital, there was evidence that so far as the authorities at the hospital knew and so far as the State board of insanity knew the defendant had no settlement in this Commonwealth. The defendant offered to show that before her support in the hospital she lived in Boston for a period of ten years and had a settlement there, but the presiding judge excluded the evidence, and instructed the jury that it was immaterial whether or not she had a settlement in this Commonwealth if it was not known to the State authorities. *Held,* that the word " known " as used in the statute means known to those whose statutory duty it is to ascertain whether such persons have settlements or not, and that the exclusion of the evidence and the instruction to the jury were right.

R. L. c. 87, § 78, provides that " the charges for the support of insane persons not having known settlements in this Commonwealth shall be paid quarterly by the Commonwealth and may afterwards be recovered by the treasurer and receiver general from such insane persons if of sufficient ability." At the trial of an action brought by the treasurer and receiver general under this provision, the defendant contended that the action could not be maintained because she was not " of sufficient ability " under the statute. It appeared that the defendant was about seventy years of age and that she had about $1,200 in two savings banks. There was evidence that she was in good condition physically and, if she could be well cared for, had a good prospect of living ten years and ultimately might recover. The presiding judge instructed the jury that the facts, that the defendant might be released from the hospital, might recover and live a few years longer and might need this money for her support, had no bearing on the case, and that if they were satisfied on the evidence that the defendant was of sufficient ability at the date of the writ to pay the sum sued for they should find for the plaintiff on that issue. The jury returned a verdict for the

plaintiff in the sum of $800. *Held*, that the instruction was correct and that the defendant properly could be found to be " of sufficient ability " within the meaning of the statute.

MORTON, J. This is an action by the treasurer and receiver general of the Commonwealth to recover of the defendant under R. L. c. 87, § 78, the charges paid by the Commonwealth for her support as an insane person in the Worcester Insane Hospital from July 25, 1901, to September 30, 1905. There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the exclusion of certain evidence, and to certain instructions that were given.

The statute provides that " the charges for the support of insane persons not having known settlements in this Commonwealth shall be paid quarterly by the Commonwealth, and may afterward be recovered by the treasurer and receiver general from such insane persons, if of sufficient ability, or of any person or kindred bound by law to maintain them, or, until the first day of January in the year nineteen hundred and four, of the place of their settlement, if ascertained." R. L. c. 87, § 78. At the date of the writ, which was April 11, 1906, the State board of charity was charged and still is charged with the duty of ascertaining whether any paupers in State institutions under its supervision or that of the State board of insanity had settlements in this Commonwealth. There was evidence tending to show that so far as the authorities at the hospital knew, and so far as the State board of insanity knew, the defendant had no known settlement in this Commonwealth. The defendant offered to show that she resided in Boston from 1870 to 1900, inclusive, for the purpose of showing that she had a settlement there; but the presiding judge ruled that it was immaterial whether she had or not, if it was not known to the State authorities, and so in substance instructed the jury, and excluded the evidence. We think that the ruling and instruction were right.

The object of the law is twofold: first, to secure immediate relief for insane persons in need of it, but who are apparently paupers without a settlement, or kindred bound to support them, and, secondly, to provide for recovery for their support. For that purpose the statute provides that the charges for the sup-

port of insane persons not having known settlements in this Commonwealth shall be paid by the Commonwealth, and that the Commonwealth shall have the right to recover the same afterwards of such persons if of sufficient ability, or of any person or kindred bound to support them, or of the place of their settlement if it is ascertained that they have one. By " known " is obviously meant known to those whose statutory duty it is to ascertain whether such persons have settlements or not; otherwise the whole matter would be left in uncertainty. As already observed, there was testimony tending to show that the State authorities charged with this duty knew of no settlement of the defendant in this Commonwealth, and the case, therefore, so far as this branch of it is concerned, comes within the express language of the statute.

The defendant contends further that she is not " of sufficient ability " under the statute, and that on this ground, if not on the other, the action cannot be maintained. It appeared that the defendant is about seventy years of age, and has about $1,200 in two savings banks. There was testimony tending to show that she was in good condition physically, and had a good prospect of living ten years with good care, and that her mental condition was such that she could, with perfect safety, be removed to a private family if she could be well cared for, and might ultimately recover. This is all that appears in relation to the question of her ability. The judge instructed the jury that " the fact that the defendant may be released from the hospital, and recover, and may live a few years longer, and may need this money for her support, has no bearing on the case," and that if they were satisfied on the evidence that she was of sufficient ability at the time the writ was brought to pay the sum claimed, then they should find for the plaintiff on that issue. The defendant excepted to this instruction. We think that it was correct. No absolute rule can be laid down as to what constitutes " sufficient ability." Generally speaking a person, whether sane or insane, is bound to pay for his support so long as he can. That is the rule which is applied in regard to paupers. R. L. c. 81, §§ 9, 37 ; c. 87, § 9. But the word " sufficient" in the statute implies a consideration of the circumstances of the person who is called upon to pay. The question is, however, one

of present ability and of the existing condition of things, and not of future contingencies. *Templeton* v. *Stratton*, 128 Mass. 137. A person will still be regarded as " of sufficient ability " though his capital is being impaired by the support of himself and his family, and will be still further impaired if he is required to contribute to the support of a pauper daughter by a former marriage. *Templeton* v. *Stratton*, *ubi supra*. The considerations would be stronger in favor of a finding of " sufficient ability " in the case of one who had no family dependent upon her. In the present case the defendant had $1,200 on deposit in two savings banks at the time the action was brought. The verdict against her was less than $800. It is plain, it seems to us, that it could be found that she was and is of "sufficient ability " within the meaning of the statute. The case differs materially from *Newton* v. *Feeley*, 130 Mass. 12.

*Exceptions overruled.*

*C. W. Cushing*, for the defendant, submitted a brief.

*D. Malone*, Attorney General, *&* *J. F. Curtis*, Assistant Attorney General, for the plaintiff.