CHARLES A. HILL *vs.* RALPH H. ROBB & another.

Suffolk. September 9, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Husband and Wife,* Separation agreement. *Contract,* Construction. *Parent and Child. Support in State Hospital.*

A husband and wife, who were living apart and who had three children, made a contract in writing with a third person, called therein a trustee, in which the husband agreed to pay a certain sum to the trustee weekly "for the support and maintenance of" the three children, naming them, "said payments to be in full and complete liquidation

of all claims" by the wife on the husband "for all expenses and disbursements on account of their said children" from that date until all reached eighteen years of age.   There was a further provision that, "It appearing that the sum . . . will not fully support said children, the said wife agrees to provide the best support that is possible for her to provide substantially in the same manner as she has heretofore; and she shall have exclusive custody and control of the two younger children."   The wife agreed that, out of the moneys so paid by the husband, she would " at her own proper cost and expense, provide and care for their said children, during the period of this contract," that she would contract no bills in the name of her husband, nor should he "in any way become liable therefor," and she covenanted that no bills were outstanding against the husband which had not been brought to his attention.   When the agreement was made, the oldest child had been for four years in a State school for feeble minded, supported there by the Commonwealth without charge to his parents and relations.   The husband made the payments specified in the agreement. In a proceeding under G. L. c. 123, § 96, as amended, the husband was compelled to pay $2,400 to the Commonwealth for the support of the oldest child and, in a suit in equity, sought from the wife an accounting and credit for such payment.   A final decree was entered dismissing the bill and the plaintiff appealed.   *Held*, that

(1) The contract did not provide that the wife was to make any payment for the support of the oldest child at the State school: repayment of money exacted by the Commonwealth was not within the terms or the implications of the contract;

(2) There being nothing to show that the wife was of sufficient ability to pay for the support of such oldest child at the State school, there could be no ground for a claim under said § 96 that she should pay for even a part thereof, even if a primary liability on her part to contribute to amounts paid by the husband to the Commonwealth under that statute be assumed.

BILL IN EQUITY, filed in the Superior Court on November 5, 1928, against Ralph H. Robb and Earlene A. Longmore (formerly Hill), seeking an accounting under the separation agreement in writing described in the opinion, and that the plaintiff be credited with a payment of $2,400 made to the Commonwealth for the support and maintenance of the child Charles A. Hill, Jr.

The suit was heard by *Weed*, J.   Material facts are stated in the opinion.   A final decree was entered dismissing the bill.   The plaintiff appealed.

The case was submitted on briefs.

*J. A. Vitelli*, for the plaintiff.

*J. M. Spillane & R. H. Robb*, for the defendants.

WAIT, J. Under date of September 17, 1924, Charles A. Hill, the plaintiff, Earlene A. Hill, his wife, and Ralph H. Robb as a trustee, entered into a written agreement by which the plaintiff agreed to pay $10 weekly thereafter to the trustee for the wife "for the support and maintenance of their minor children, Charles A. Hill, Jr.; Franklin S. Hill and Donald Hill . . . said payments to be in full and complete liquidation of all claims" by the wife on the husband "for all expenses and disbursements on account of their said children" from that date until all reached eighteen years of age. The agreement provided that, "It appearing that the sum of Ten ($10.) dollars each week will not fully support said children, the said Earlene A. Hill agrees to provide the best support that is possible for her to provide substantially in the same manner as she has heretofore; and she shall have exclusive custody and control of said Franklin S. Hill and Donald Hill."

At the time the agreement was made the Hills were living apart. Their oldest child, Charles A. Hill, Jr., was an inmate in the Walter E. Fernald State School for Feeble Minded, there supported since 1920 by the Commonwealth without charge to his parents or relatives; Franklin and Donald were with their mother supported by her with assistance from the father, while a fourth child, Dorothy, had been adopted and was supported by her grandparents.

By the agreement the wife undertook that she would "out of the moneys herein specified to be paid to . . . Robb, for the benefit of their said children, at her own proper cost and expense, provide and care for their said children, during the period of this contract," that she would contract no bills in the name of her husband, nor should he "in any way become liable therefor." She further covenanted that no bills were outstanding against the husband which had not been brought to his attention. The husband has made the payments regularly as agreed. In consequence, however, of an action brought against him by the Commonwealth under G. L. c. 123, § 96, and its amendments, he has been compelled to pay to it $2,400

for the maintenance of the son Charles at the school referred to.  He now seeks to have the wife and the trustee restrained from the collection of further sums under the contract until he is reimbursed;  and he appeals from a decree dismissing his bill.

The essential questions are, whether the wife is bound by the agreement to furnish support for the son Charles out of the weekly payment of $10, or is liable under the statute to make repayment of the whole or any part of the amount paid by her husband in settlement of the action.

We find nothing in the contract which indicates that she was to make any payment for the support of her son at the school.  She was out of the $10 per week, acknowledged to be insufficient for full support of the children, to "provide substantially in the same manner as she has heretofore."  Admittedly she had not theretofore made payments or furnished support for him at the school.  The later provision to provide and care for her said children out of the moneys specified adds nothing to her obligation. It is her promise to use the money for the purpose for which it was stated to be supplied.  There is no guaranty to hold the father harmless from liability however arising.  She is to go on as she had been doing.  Neither party contemplated what has taken place.  The charge for support was not a bill contracted by her in the name of the husband, for which she agreed that he was not to become liable. Repayment of money exacted by the Commonwealth is not within the terms or the implications of the contract.

The statutes authorize action by the Attorney General in the name of the State Treasurer for support of inmates for which no one has contracted to pay or no order made by a court, against the inmate or the husband, wife, father, mother, grandfather, grandmother, child or grandchild of the inmate if of sufficient ability, and enable any one who has made payment to recover of any person "primarily liable" for such support;  or to have the amount apportioned among those not primarily liable in proportion to their respective ability and to recover such apportionment.

We are unable to see in this anything which enables a father, who has been found liable, to recover the payment or any part of it from the mother, at least in the absence of proof of her sufficient ability to pay. Any recovery is contingent on proof of sufficient ability. See *Templeton* v. *Stratton,* 128 Mass. 137; *Newton* v. *Feeley,* 130 Mass. 12; *Chapin* v. *McCurdy,* 196 Mass. 63. There is no evidence to justify a finding of ability to pay on the part of Mrs. Hill. An inference of ability drawn from her undertaking to support "in the same manner as she has heretofore" is manifestly absurd. Never up to that time had she made payments for the feeble minded child. If, therefore, we were to assume a primary liability to pay on her part — which we do not — the plaintiff still would fail to make out a case.

<div align="right">

*Decree affirmed with costs.*