### TREASURER AND RECEIVER-GENERAL *vs.* ROBERT E. CUNNIFF.

Suffolk. February 4, 1970. — April 7, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Insane Person. State Hospital. Evidence,* Affidavit. *Words,* "Patient," "Inmate," "Sufficient ability."

An affidavit of the Superintendent of a State hospital under G. L. c. 123, § 96, was rightly admitted in evidence at the trial of an action to recover from the defendant for the support of his wife in the hospital, although the word "patient" was used in the affidavit to describe the wife's status rather than the word "inmate" used in § 96. [207–208]

Evidence merely that, at the time of commencement of an action against a husband under G. L. c. 123, § 96, to recover for the support of his wife for many years in a State hospital, he owned the land and buildings at his residence, which was assessed for $25,000, and that he was a stockholder in a corporation bearing his name, did not prove that he was "of sufficient ability" to pay the sum of nearly $19,000, plus interest, found due from him by the trial judge, and entry of judgment for the defendant was ordered. [208]

CONTRACT. Writ in the Superior Court dated January 26, 1966.

The action was heard by *Collins,* J.

*Joseph E. Levine* for the defendant.

*Samuel W. Gaffer,* Assistant Attorney General, for the plaintiff.

REARDON, J. The plaintiff brought an action against the defendant pursuant to G. L. c. 123, § 96, to recover from him for the support of his wife, Anna B. Cunniff, while she was a patient at the Medfield State Hospital during the period of March 1, 1946, through December 31, 1965.

A judge of the Superior Court sitting without jury heard the case and found for the plaintiff in the sum of $18,876.64, plus interest from the date of the writ in the sum of $2,280.84. He ruled on thirteen requests for rulings filed by the defendant, granting the first to fourth inclusive and denying

the rest, and reported the case to this court for the determination of three questions: 1. Was the admission of the affidavit of Theodore F. Lindberg, M. D., Superintendent of the Medfield State Hospital, proper? 2. Was the denial of the defendant's requests 5 through 13, inclusive, proper? (In argument before this court the defendant waived his rights to requests 9, 10 and 12.) 3. Was his finding for the plaintiff in the sums above stated warranted?

1. The affidavit of Dr. Lindberg stated that Anna B. Cunniff was a patient at the Medfield State Hospital and a public charge of the Commonwealth during her hospitalization; that Robert E. Cunniff, the defendant, is the husband of Anna B. Cunniff; and that the determination of the price of the support of the patient was in accordance with the provisions of G. L. c. 123, § 96, which amount was unpaid.[1] Under G. L. c. 123, § 96, "the sworn statement of a person that he is the superintendent of . . . [a state hospital] and that a certain person has been an inmate of the . . . [hospital] during a certain period of time, or that the price of the support of a certain inmate has been determined at a certain sum by the department [of mental health], shall be prima facie evidence of said facts." Dr. Lindberg's affidavit had this effect. A possible distinction between the words "inmate" and "patient" has been argued to us by the defendant as bearing on the outcome of this cause. However, the terms are used interchangeably and synonymously in c. 123. See §§ 86, 88, 88A, 94, 95, 98. The defendant's contention is not tenable. The cost of support of the patient during a hospital stay was set forth in the affidavit which states that it was computed in accordance with G. L. c. 123, § 96. The defendant has shown nothing to the contrary. The affidavit was probative as to all facts stated in it. See *Ryan* v. *DiPaolo*, 313 Mass. 492, 494; *Pochi* v. *Brett*, 319 Mass. 197, 203–204; *Nugent* v. *Popular Mkts. Inc.* 353 Mass. 45, 47. The judge rightly overruled the defendant's objections to the introduction of the affidavit and was also

---

[1] The computations referred to in the affidavit appear in the record.

correct in denying the defendant's requests 5 through 7 which dealt with it.

2. In responding to the plaintiff's notice to admit or deny facts, the defendant gave his residence as 393 Brookline Street, Newton, and stated that he was the owner of land and buildings at that address and that the property was assessed for tax purposes by the city of Newton at $25,000. He further admitted that he is a stockholder in R. E. Cunniff, Inc., a corporation, and that Anna B. Cunniff, his wife, had been a patient at the Medfield State Hospital since March 1, 1946. Requests for rulings raise a question whether the defendant is "of sufficient ability" to pay the price of the support for his wife which under G. L. c. 123, § 96, may be recovered from him if he possesses that ability. Under that section the term "sufficient ability" has been interpreted to mean "present ability" or sufficient ability at the time when the writ was brought, in this case January 26, 1966. *Chapin* v. *McCurdy,* 196 Mass. 63, 65–66.

While the defendant admitted that he was the present owner of property assessed by the city of Newton at $25,000, and was a stockholder in a corporation bearing his name, there was no evidence adduced by the plaintiff to indicate the true value of his holdings in the real estate and the corporation. It was incumbent upon the plaintiff, seeking relief as it did under G. L. c. 123, § 96, to offer such proof. *Sullivan* v. *Quinlivan,* 308 Mass. 339, 342. The plaintiff had the burden of demonstrating to the satisfaction of the court that the assets of the defendant, both real and personal in terms of available cash, were sufficient to warrant the judge's finding. This was not done.

The entry must be

*Judgment for the defendant.*