*Northern District*
No. 8085
**ECONO CAR OF CAMBRIDGE**

v.

**ANDREW HUBERMAN**

Argued: June 28, 1973 - Decided: Sept. 7, 1973

*Present:* Cowdrey, P.J., Flynn, Flaschner, JJ. Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex, No. 3099 of 1972.

**Flaschner, J.** Action of contract commenced by writ dated August 10, 1972 to which defendant filed an answer in abatement alleging lack of jurisdiction. The only evidence introduced at the hearing was an affidavit by the defendant filed with the answer in abatement. The return endorsed on the writ by a deputy sheriff states that service was made on August

14, 1972 by leaving a summons at the defendant's last and usual place of abode, 70 Berkshire Road, Newton. The defendant states in his affidavit, however, that since October 1, 1971, he resided in San Francisco where he rents a home with an option to buy, where he is regularly employed and registered to vote and where he has a checking and savings account, and that service of the writ was made on his father's home where he has not lived, except for one visit, in over a year.

The trial judge allowed the answer in abatement and made the following finding and ruling: "Allowed for the reason that proper service has not been made on the defendant who is not a resident of Massachusetts." There was no error.

It was open to the defendant to seek an abatement of the action if he was a non-resident at the time of the service of the original writ. As to such a jurisdictional matter, the return by the officer on the writ is not decisive. *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 194. *Atlantic National Bank of Boston* v. *Hupp Motor Car Corp.,* 298 Mass. 200, 202. *Soshnick* v. *O'Connor,* App. Div. Op. (N.D. Jan. 23, 1973).

*United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334, cited by the plaintiff is not to the contrary. This case held that parol evidence could not be offered by the plaintiff to amend the return endorsed on the writ by the officer.

It is in this context that the court stated at page 339: "as between the parties, and their privies, the return of the officer is conclusive as to all matters which are properly the subject of a return by him." The court sustained the allowance of the motion to dismiss as the proper remedy since the service was defective *on its face.* Were it not defective and the defendant sought to defeat the jurisdiction on the grounds of non-residency at the time of the service, the court points out at page 338 that a plea of abatement and proof thereof is the proper remedy. See discussion in *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188 at 194-5.

As to the proof in this case, the record does not show any objection to the admission by the trial judge of the plaintiff's affidavit. No counter-affidavit or evidence was offered by the plaintiff. While an affidavit is not conclusive of the facts alleged, even if no counter-affidavit is presented, *Coonce* v. *Coonce,* 356 Mass. 690, 692, the facts in this affidavit were purportedly within the plaintiff's personal knowledge and adequately formed the basis for the trial judge's finding and ruling, *Bates* v. *Cohasset,* 280 Mass. 142, 154; *Treasurer & Receiver General* v. *Cunniff,* 357 Mass. 206, 207. **Report dismissed.**

HERBERT E. ZIMMERMAN, ESQ.
for Plaintiff
HALE AND DORR
for Defendant