ELIZABETH FITZGERALD V. PETER J. DONOHER ET AL.

FILED JUNE 16, 1896. No. 6712.

1. **Intoxicating Liquors: SALES: DAMAGES: ACTION AGAINST SALOON-KEEPER: PARTIES.** The action which arises in favor of a parent against a retail dealer in intoxicating liquors and his bondsmen, because of the death of a son during minority and the consequent loss, by the parent, of the services of the minor, when such death is occasioned by the use of intoxicating liquors sold or furnished to the minor by the saloon-keeper or someone acting for him, is by virtue of the provisions of chapter 50 of the Compiled Statutes, entitled "Liquors," and not under the provisions of what is termed the "Civil Damage Act." (Compiled Statutes, ch. 21.) The action may be prosecuted in the name of the party entitled to the damages, without the intervention of an administrator of the estate of the deceased.

2. ——: ——: ——: ——. "A poor person dependent for support upon a relative, according to the provisions of chapter 67, Compiled Statutes, may, in his own name and for his own benefit, maintain an action against a vendor of intoxicating drinks, for the loss of such support, caused by the death of such relative, when such death occurs in consequence of the traffic of such vendor in intoxicating drinks, without any action of the county commissioners in that behalf." The decision in the case of *McClay v. Worrall*, 18 Neb., 44, approved and followed.

3. **Parent and Child: DUTY OF CHILDREN.** Under the provisions of chapter 67, Compiled Statutes, the support of a dependent poor parent devolves upon a child or children of any age, if they be possessed of the requisite ability to render such support.

ERROR from the district court of Cherry county. Tried below before BARTOW, J.

*Tucker & Walcott*, for plaintiff in error.

*M. F. Harrington* and *E. W. Harney*, contra.

HARRISON, J.

The plaintiff commenced this action in the district court of Cherry county against the defendants, retail liquor dealers, and their bondsmen to recover the damages which she alleged accrued to her by the death of

her son, caused by intoxication produced by liquors sold to him by the saloon-keepers of defendants. It was further pleaded in plaintiff's behalf that the son was a minor, or about eighteen years of age, healthy, energetic, and industrious, and, quoting from the petition, "That this plaintiff was wholly dependent upon the said John Fitzgerald, her minor son, for support and maintenance, and that he was her means of support; that the proceeds of his labor as the manager of her affairs, and producing the means of her support, amounted to about $1,200 per year, which he applied to the support of this plaintiff; * * * that plaintiff and said minor son, now deceased, constituted one family, and that she is without means of support." General demurrers to the petition were filed by the defendants and on hearing were sustained and the action dismissed; hence the error proceedings on the part of plaintiff.

There are two questions presented in the argument of the case here for our determination: First, was the plaintiff, the mother, entitled to recover for the reason that she legally could claim the services of her son during his minority? and second, she being entirely dependent upon him for support, did the duty of furnishing the support devolve upon the son?

It is conceded by counsel for defendants, in the brief filed, that the plaintiff was entitled to the services of her son, he being a minor; but it is contended that if collected by or for her, it could only be by an administrator of the estate of her deceased son, under the provisions of what is termed the "Civil Damage Act." (Compiled Statutes, ch. 21.) This position is untenable. The right of recovery under the enactment to which we have just alluded would arise alone from the party standing in such relationship to the deceased as to be entitled to his estate, or a share of it, by virtue of heirship. Under this statutory law in relation to damages the right of any party thereto is dependent upon the degree of kinship to the deceased, which must be such as to confer the right to in-

herit the estate. (*Warren v. Englehart*, 13 Neb., 283.) But in the case at bar it is entirely different. In chapter 50 of the Compiled Statutes, entitled "Liquors," it is provided that a person licensed to sell liquors shall pay all damages that the community or individuals may sustain in consequence of the traffic, and in this action the plaintiff seeks to recover that to which she was entitled, the services of her son, a minor, not as his heir or as a part of his estate, but because of her parental right to his services, and it is an action arising under the provisions of right to damages arising under chapter 21, Compiled Statutes of 1895.

It is further claimed that the plaintiff's claim to support from her son must have been referable to the provisions of the act entitled "Paupers," chapter 67, Compiled Statutes, section 1 of which is as follows: "Every poor person who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy, or other unavoidable cause shall be supported by the father, grandfather, mother, grandmother, children, grandchildren, brothers, or sisters of such poor person, if they or either of them be of sufficient ability; and every person who shall refuse to support his or her father, grandfather, mother, grandmother, child, or grand-child, sister, or brother, when directed by the county commissioners of the county where such poor person shall be found, whether such relative shall reside in the same county or not, shall forfeit and pay to the county commissioners, for the use of the poor of their county, such sum as may be by the county commissioners adjudged adequate and proper to be paid, not exceeding ten 'dollars per week for each and every week for which they or either of them shall fail or refuse, to be recovered in the name of the county commissioners, for the use of the poor aforesaid, before a justice of the peace or any other court having jurisdiction; *Provided*, That whenever any persons become paupers from intemperance or any other bad conduct, they shall not be entitled to support from any rela-

tive except parent or child; *And provided further*, That such poor person entitled to support from any such relative may bring an action against such relative for support, in his or her own name and behalf," and that under this no duty to furnish support for a parent or relative would or could arise as against a child during its minority. In the case of *McClay v. Worrall*, 18 Neb., 44, it was announced by this court: "A poor person dependent for support upon a relative, according to the provisions of chapter 67, Compiled Statutes, may, in his own name and for his own benefit, maintain an action against the vendor of intoxicating drinks for the loss of such support, caused by the death of such relative, when such death occurs in consequence of the traffic of such vendor in intoxicating drinks, without any action of the county commissioners in that behalf," and in the body of the opinion it was observed: "The case at bar was brought under the provisions of chapter 50, and the plaintiff need only invoke the provisions of chapter 67 for the purpose of establishing one link in the chain of law constituting her right to recover, to-wit, the legal obligation resting upon a son, of whatever age, being of sufficient ability, to support his aged, infirm, and destitute mother. * * * The foundation of the plaintiff's right to damages against the plaintiffs in error is that by means and in consequence of their traffic she has sustained the loss of that support which the law of the state, as well as the law of nature, gave her a right to, at the hand of her son. *Non constat* that but for his untimely death in consequence of such traffic she would ever have occasion to invoke the laws of the state against him for such support. It may be and is granted that in an action under the proviso above quoted by one relative against another for support the ability of such relative would have to be alleged and proved, and it is equally true that in the case at bar the plaintiff must have alleged and proven facts sufficient to establish a legal and reasonable expectancy that but for his death her son would have continued in the future, as

in the past, to possess the ability to support her. This she has done, and none the less so because his ability as proved consisted less in accumulated property than in strong arms and a willing heart." It is contended that the party deceased, through the death of whom the action in the case cited arose, was not a minor, but was twenty-three years of age at the time of his decease, and hence the doctrine stated in the decision is not applicable in the case at bar. There is no exception in this regard in chapter 67. It will be noticed by an examination of its language that all persons of the requisite kinship may be charged with the support of their relatives designated therein where "they or either of them be of sufficient ability." The dependent person, the relative, as set forth in the law, and possessed of sufficient ability, are the requirements of the statute. Whether the provisions are in all respects wise and equitable, or may not be abused, or in some supposable instances work seeming injustice, are questions which it is not within our province to inquire into or determine. The plaintiff was entitled, as a parent, to the services of her son, and, if he was of sufficient ability, was, if dependent, entitled to be supported by him, and under chapter 50 of our statutes, insomuch as it refers to damages accruing to individuals by reason of sales made by parties engaging in the business licensed under other and further provisions of the chapter, a right of action arose in her favor, if deprived of her means of support by reason of her son's death, occasioned by sales of intoxicating liquors to him by the principals in the bonds sued upon, the saloon-keepers, or at their respective places of business by any one authorized to make the sales. It follows that the trial judge erred in sustaining the demurrers, and the judgment consequent thereon must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.