EDWIN A. BRADLEY ET AL. *vs.* ARTHUR H. FENN ET ALS.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

In an action brought under Chapter 114 of the Public Acts of 1921 to compel the relatives of a poor person to contribute to his support, a minor, provided he is within the statutory degree of propinquity, may properly be made a party defendant; and if it be proved upon the trial that he is "able to provide . . . support", judgment may be rendered against him as against an adult relative.

The trial court's finding as to the ability or inability of a defendant to provide support is a conclusion of fact which is open to attack in this court on the ground that it is not legally or logically supported by the subordinate facts.

This statute is to be liberally construed in the light of its doubly remedial purpose—to secure assistance for the poor and thereby to relieve the public of the burden of their support.

If a defendant is in a position to contribute to some extent to the maintenance of a poor relative without deprivation of reasonable support for himself or interference with his obligations toward the other members of his family, the mere fact that he is not in a state of affluence or that his contribution may impair his accumulated savings or other capital, is not sufficient to release him from the performance of his statutory duty.

Where the person for whose support the action is brought is con-

(1)

fined in a State hospital for the insane and the burden of support thus falls in part upon the town of his residence and in part upon the State, the State should appear as a party plaintiff, together with the selectmen of the town, in order that a complete disposition of the case may be made. ·

In the present case the trial court found that the son and three grandsons of an aged woman confined in the Connecticut Hospital for the Insane at Middletown were unable to contribute the weekly sum of $6.32 which was required for her support at that institution. *Held* that this conclusion could not be sustained in view of the subordinate findings as to the property owned by each of them and their respective earning capacities.

Argued March 3d—decided July 30th, 1925.

ACTION by the selectmen of the town of Thomaston for an order compelling the defendants, as·children and grandchildren of Jane Fenn, to provide for her support, brought to the Superior Court in Litchfield County and tried to the court, *Nickerson, J.;* judgment rendered for the defendants, and appeal by the plaintiffs. *Error and cause remanded.*

*Clayton L. Klein* and *J. Howard Roberts,* for the appellants (plaintiffs).

*Samuel A. Herman,* for the appellees (defendants).

CURTIS, J. This action is brought by the selectmen of Thomaston under General Statutes, §1650, as amended by Chapter 114 of the Public Acts of 1921, to compel the son and grandsons of one Jane Fenn to contribute to her support from the time of the service of the complaint. There is no controversy that Jane Fenn is a poor person, between eighty and eighty-five years of age, and unable to support herself, with a settlement in Thomaston, and that in April, 1923, she was duly committed to the Connecticut Hospital for the Insane at Middletown, where she has since re-

mained. The cost of maintenance of said Jane Fenn at that hospital is $6.32 per week. All over the statutory sum of $3 paid by the town of Thomaston, has been and is paid by the State, and the State was represented at the trial. The defendants are Arthur H. Fenn, a son of Jane Fenn, now fifty-seven years of age; Frank Fenn, a grandson of Jane and son of Arthur, twenty-eight years of age; Philip L. Fenn, a grandson of Jane and son of Arthur, twenty-two years of age; Merton W. Fenn, a grandson and son of Arthur, a minor, twenty years of age. The first question presented by the record is whether, under the statute, a minor can be a party defendant in such an action. We are of the opinion that a minor "able to provide . . . support" may be a defendant. Whether or not the minor is "able to provide . . . support" is not a preliminary question, but a question to be proved on the trial as against any other defendant relative. This statute, which incorporates a rule of public policy, does not intend to excuse minors of means and able to provide support from the duty of contributing to the support of poor relations within the statutory degree of relationship and thus impose the burden upon the public. See, in this connection, *Fitzgerald* v. *Donoher,* 48 Neb. 852, 67 N. W. 880; *McClay* v. *Worrall,* 18 Neb. 44, 24 N. W. 429.

In view of this ruling the case must be remanded with directions to restore the minor as a defendant, and to grant the motion for the appointment of a guardian *ad litem,* and to proceed with the case against Merton W. Fenn. The court ruled that no cause of action was proved against any of the defendants. If that ruling was correct, the judgment in their favor should stand. The court ruled that under the statute, properly construed, the facts found would not support the conclusion that Jane's son Arthur or either of her

grandsons Frank or Philip L., was able to contribute to her support. We think this conclusion cannot legally and logically be drawn from the facts found.

Whether or not a relative is able to contribute to the support of a poor relation is a conclusion of fact to be drawn from the facts found as to the situation in life of such person, including his accumulated means, his ability and capacity for earning money. Such conclusion of fact is open to attack as a question of law, if claimed to have been illegally or illogically drawn from the subordinate facts.

As to the construction of the statute, we said in *Cunningham* v. *Cunningham*, 72 Conn. 157, 159, 44 Atl. 41: "This statute is a remedial one, and to be liberally construed." It is remedial, in relation to the poor person and in relation to the public bodies upon whom the support falls if not borne by the relations; a liberal construction is to be applied in the interests of such parties. A liberal construction does not mean an unreasonable one.

We turn then to the findings, as to the son Arthur and the grandsons Frank and Philip L., to consider whether the conclusion that they are not able to contribute is legally or logically drawn from the facts.

The court found as to Arthur as follows: "The defendant Arthur H. Fenn is the only surviving son of the said Jane Fenn, is fifty-seven years of age and has a small tract of land with an old house and barn thereon, located in a remote part of the town of Thomaston, which he purchased in 1919 from his mother, the said Jane Fenn, for $1,300. The money to pay for such land was furnished by the wife of said Arthur, who drew the same from a savings-bank in Waterbury where she had it deposited. He gets his potatoes and garden vegetables from the farm, which also includes other land belonging to his wife. The stock on said

farm, consisting of two cows and one horse, is not owned by said Arthur. His earnings for the year prior to the time of trial was about $235. That sum with what he obtained from the farm he used to support his wife and two children aged eight and twelve years. His income was insufficient and he was helped by his other sons who are also defendants. He is unable to support himself and family without assistance. He has nothing with which to support his mother or contribute to her support." It was further found that his two sons, Philip L. and Merton W., boarded at home and each paid $10 per week board.

The court found as to Frank as follows: "The defendant Frank Fenn is a son of said Arthur H. Fenn and grandson of said Jane Fenn. He is twenty-eight years of age, married and has recently purchased a piece of land and built thereon a small dwelling in which he and his wife reside. He is thrifty and has just started in life. He is employed as night workman in the casting shop of the Plume & Atwood Company. His place is worth about $4,400. It is mortgaged to the Thomaston Savings Bank for $2,200 and he owes his brother Merton $1,000 which he borrowed to build his house. He earned last year $1,463.85. All he had and all he earned over his living expenses he put into his place. In addition to his working in the shop he worked days and earned about $200 in that way. His property is but little more than his debts. His earnings are needed for the support of himself and wife. With strict economy he may be able to save a little toward paying off his debts and mortgage."

The court found as to Philip L. as follows: "The defendant Philip L. Fenn is a son of said Arthur H. Fenn and a grandson of said Jane Fenn. He is twenty-two years of age and lives with his father and mother. He is employed by the Plume & Atwood Company as

workman in their mill. His earnings last year were $749. He had an accident in which he was ruptured on both sides, was obliged to undergo an operation and was unable to work from June 29th, 1923, to January 15th, 1924. He pays his mother $10 per week for board which is used for the support of his father and family. He began depositing his savings in 1919 and has $1,253.66 in the Thomaston Savings Bank. He has no property except his said earnings. In addition to the compensation for seven weeks which he received as the result of his injuries, he was obliged to draw upon his savings which he had so deposited."

In view of these findings we are satisfied that these defendants were each able to contribute to some extent to the support of Jane without being caused "personal deprivation of reasonable support" for himself or his family or interference with his obligations to them. "The fact that such contribution might impair his capital was [is] not of itself a sufficient reason why it should not be" provided. *Templeton* v. *Stratton,* 128 Mass. 137, 140.

In *Bernardus* v. *Williamson,* 1 Wheeler Cr. Cas. (N. Y.) 234, the court said, in substance, that it is not necessary that a person be in a state of affluence in order to be liable for support of a pauper relative; it is sufficient that he has the ability to labor and support himself.

The property owned by these defendants and their ability to earn money, even if by taking boarders, is such as to make them liable to contribute to the support of the mother and grandmother. The cause is therefore remanded with directions to restore Merton L. as a defendant and appoint a guardian *ad litem* for him.

A complete disposition of this case requires that the State also should be made a party plaintiff; the

State has already appeared in the case. If the State is also made a party plaintiff, then the facts found as to the defendants other than Merton L. may stand until the facts as to Merton L. are found, and if it is found that he has been emancipated and is able to contribute to the support of Jane, the court will render judgment, upon the facts so found as to each, for all defendants to contribute to her support to the amount of $6.32 per week from the service of the complaint and specify the sum to be paid by each to constitute this $6.32 per week, with proper directions as to the issuance of execution. See judgment in *Wethersfield v. Montague,* 3 Conn. 508.

If the State does not become a party plaintiff, the course above outlined should be pursued, except that the judgment should be for all defendants to contribute for her support to the amount of $3 per week, to be paid to the plaintiffs for the benefit of the town of Thomaston.

There is error, the judgment is set aside, and the cause remanded for such proceedings making the State a party in accordance with this opinion, and for a hearing only as to Merton L. Fenn, and thereafter for judgment in accordance with this opinion.

In this opinion the other judges concurred.