ADA SIMS SMITH *vs.* THEODORE LOWNDES SMITH.

MALTBIE, C. J., HAINES, BANKS, AVERY and BROWN, Js.

Argued January 13th—decided March 22d, 1932.

*Leo Davis* and *Leslie N. Davis,* for the appellant (defendant).

*George N. Foster,* for the appellee (plaintiff).

HAINES, J.  It appears by the finding that the plaintiff and defendant were married August 13th, 1924, and that they lived together until August 21st, 1930; that for about one half that time, including six months preceding the defendant's desertion of the plaintiff, they lived at the defendant's home at South Norwalk, and the remainder of the time in six different places outside the State; that the home in South Norwalk was owned jointly by the defendant and two aunts and an uncle in undivided one-fourth interests, save that one of the aunts owned all the furnishings; that the house had fifteen rooms lavishly furnished; and during most of the time the plaintiff and defendant lived in the house, a nurse, cook, laundress and gardener were employed; that the defendant and an aunt owned a Chevrolet car, jointly, and the plaintiff had the use of it; that she was also supplied with sufficient clothes and wearing apparel; that upon the mutual understanding of the parties, the plaintiff went to visit a relative in Massachusetts and the defendant was to follow her; he did not do so, but on the 27th of that month the defendant abandoned the plaintiff and left South Norwalk for parts unknown in accordance with

a letter which he sent to the plaintiff making known that intention; that about ten days later the plaintiff returned to the South Norwalk house, but the defendant had gone, and the attempts of the plaintiff to locate him through his attorney were unsuccessful; that the defendant's attorney paid her $10 per week as the defendant had stated in his letter would be done, and this allowance was continued in force to the time of the trial; that about October 25th, 1930, the defendant returned to South Norwalk, but did not notify the plaintiff that he had done so nor make any effort to locate her; that from the time of her return from Massachusetts, September 5th, until October 19th, the plaintiff remained in the South Norwalk house with the defendant's aunt. The court found that during this time the plaintiff herself paid part of the expense of the food, but otherwise was the guest of the aunt, and that the situation gradually became so embarrassing that the plaintiff left the house. The defendant claims these findings as to the food and the embarrassment were found without evidence, but an examination of the record shows a reasonable basis for them. The defendant-appellant seeks the addition to the finding of twenty-four paragraphs of his draft-finding, most of them describing the dates and locations of the defendant on the different jobs which he undertook, and are of no real significance in the present case. The only fact of importance contained in the remaining paragraphs is one to the effect that the food, clothing and use of the automobile which the plaintiff had enjoyed was of the reasonable value of $22 per week. A careful reading of the entire record discloses that there is no evidence whatever on this point. The request to add this statement to the finding should not have been made and was properly refused.

Two exceptions were pursued to rulings on evidence. On redirect examination of the defendant he was asked who paid for the cook and laundress at the South Norwalk house, and answered "My aunt." Upon objection the question was excluded. This ruling was favorable to the defendant rather than harmful. If it had been admitted, the sole effect of the answer would have been to show the defendant was not paying for some of the service which he claims to have furnished the plaintiff. As to the second exception: Howard L. Lowndes was asked, "Do you know who pays for the servants there?" and the question upon objection was excluded. The ground of the objection was not stated. It does not appear that the defendant himself claimed to have paid, and the materiality of the question does not appear.

Of the remaining assignments, we shall consider only such as are pursued by the appellant in his brief, wherein he lays down three propositions, viz: (a) Only as authorized by statute, can a wife sue her husband, (b) Desertion cannot be the basis of a judgment for nonsupport, and (c) "Judgment must rest upon whether or not the plaintiff was receiving proper support at the time she instituted the action."

Apparently the defendant's claim is that there is no statutory authority for a direct action by a wife against her husband for support and that this being such an action, the suit does not lie. No demurrer was filed, and the defendant joined issue and filed a general denial, and the question comes too late. We may add, however, that where the plaintiff has not by her own conduct forfeited that right, such an action in equity does lie in this State. *Artman* v. *Artman,* 111 Conn. 124, 149 Atl. 246, and cases cited. As to the second proposition, we find no indication that the court made desertion the basis of its judgment, and the de-

fendant in his brief admits that the court "seemed to agree with defendant's position in so far as it rendered judgment for fair and reasonable periodical payments rather than for a gross sum." Any further discussion of this point would be purely academic.

If we correctly understand the third proposition advanced by the defendant, it is that the trial court erred in giving judgment without proof that the husband was not furnishing proper support at the time the action was instituted. The authority upon which he relies is *Lathrop* v. *Lathrop,* 78 Conn. 650, 63 Atl. 514. That case was brought under and pursuant to a statute, General Statutes, § 2499, Rev. 1902, now General Statutes, § 1717, Rev. 1930, which provided that "when any person shall become poor and unable to support himself or herself . . . and shall have a husband, father or mother, grandfather or grandmother, children or grandchildren, who are able to provide such support, it shall be provided by them; and if they shall neglect to provide it, the selectmen of the town, or the wife of such husband, . . . may bring a complaint . . . to the Superior Court . . . which may order the defendant or defendants to contribute such support. . . ." The defendant denied the plaintiff's allegations of "neglect to provide" and we said: "For the maintenance of an action under the statute, certain conduct on the part of the relative proceeded against must be shown. That conduct is described as 'neglect to provide' support. . . . The neglect which is made a condition precedent to a right of action is one which must antedate the action, or there can be no recovery. *Cunningham* v. *Cunningham,* 75 Conn. 64 [52 Atl. 318]; *Dickerman* v. *New York, N. H. & H. R. Co.,* 72 Conn. 271 [44 Atl. 228]; *Woodbridge* v. *Pratt & Whitney Co.,* 69 Conn. 304 [37 Atl. 688]."

The obvious necessity of meeting the precise terms

of the statute in order to lay a basis for recovery, does not of course exist in a case in equity which does not rely on statutory provisions. The measure of a defendant husband's duty in the equitable action is not limited to that support which it is the duty of the public authorities by statute to provide. In a direct equitable action by a wife against her husband such as the one at bar, the measure of the husband's duty is that support to which the wife is entitled by virtue of the marital contract. It is not limited to that provision for support which the selectmen would be required to provide for a poor person or pauper; generally speaking, it requires the husband to provide "within the reasonable limits of his ability, for her comfort and happiness as well as for her mere bodily shelter and food." Peck, Domestic Relations (3d Ed.) p. 194, § 56. See *Lathrop* v. *Lathrop, supra*, pp. 651, 652; *Belden* v. *Belden*, 82 Conn. 611, 612, 613, 74 Atl. 896.

It appears from the finding, that at the time this action was begun the defendant had definitely deserted the plaintiff and so notified her in writing and that his provision for her was limited to $10 per week. It is not shown that he was then furnishing her anything more, or has since done so. So far as appears, he offered no evidence that he had contributed anything whatever except this sum. The fact found that she did remain some five weeks in the house in which they had lived before the desertion, does not in any way indicate additional provision by him, because she was manifestly staying there as a guest of the aunt and not by any authority, direction or provision of his. It is sufficiently apparent that at the time the suit was instituted and at the time of the trial, she was not receiving the support to which she was entitled under the marriage contract.

Only one other assignment requires attention. It is that the judgment in an action of this character must be based upon the husband's actual income. No authority is cited for this proposition, but his obligation to her under the marital contract cannot be thus limited. In *Bradley* v. *Fenn,* 103 Conn. 1, 6, 130 Atl. 126, we say the requirement to furnish support is not restricted to the income of the party proceeded against, but that " 'the fact that such contribution might impair his capital was not of itself a sufficient reason why it should not be provided.' " Citing *Templeton* v. *Stratton,* 128 Mass. 137, 140. He must provide for her within the reasonable limits of his ability, and what is reasonable must be determined by a court of equity after a full disclosure of his financial condition and his and her station in life. A husband with a fortune so invested that he is temporarily receiving little or no income therefrom, cannot thus be relieved from his obligation to support his wife. The court very properly investigated his condition and financial status at the time of the trial, and it appears that he was then possessed of considerable property and earning capacity, though temporarily with restricted income. It was the province of a court of equity to make its judgment conform to all the equitable considerations disclosed at the trial, and this seems to have been done.

There is no error.

In this opinion the other judges concurred.