### REGINA M. SERRE
vs.
### GEORGE N. SERRE

Superior Court          Fairfield County          File #54567

MEMORANDUM FILED FEBRUARY 28, 1938.

Levy & Levy, of New Haven, for the Plaintiff.

Finklestone & Finklestone, of Bridgeport, for the Defendant..

CORNELL, J. In substance it is alleged in the first count (and the same allegations are incorporated by reference in the second and third counts) that the plaintiff and defendant are husband and wife; that the plaintiff wife is "poor and unable to support herself" and that the defendant is "able to provide support for the plaintiff but has refused and neglected so to do."

The defendant interprets these allegations to state a cause under the provisions of section 1717 of the General Statutes: (Revision of 1930), and upon that assumption predicates his demurrer. The statute in question provides that an action brought to invoke the remedy it affords shall be made returnable to the Superior Court holden within the county in which the plaintiff resides. The writ in the instant case describes the plaintiff as "of Brooklyn, New York." One ground of demurrer attacks the sufficiency of each of the three counts, "in that it no way appears that said action has been instituted in the Superior Court for the County in which the said plaintiff resides."

On the assumption that demurrer is the proper way in which to raise the question that defendant projects, it must be noted

that the allegations referred to contain no certain indication that the plaintiff seeks to avail herself of the remedy afforded by the statute. The relief obtainable through the latter is a comparatively limited one, since it conceives only the furnishing of that minimum of "provision for support which the se lectmen would be required to provide for a poor person or pauper." *Smith vs. Smith,* 114 Conn. 575, 580; *Lathrop vs. Lathrop,* 78 id. 650, 651.

Again, a description of a cause based upon the statute must include allegations which show a "neglect" as distinguished from a mere omission upon the part of a person within the class named in the statute bound to support another. *Smith vs. Smith, supra,* 579. Since no reference is made to the statute in the complaint and the allegations contained in each of the three counts afford no certain index to an intent to invoke the statute there is room for doubt that a cause is stated within its provisions.

However that may be, it is certain that the allegations referred to are appropriate to state a cause of action in equity. *Smith vs. Smith, supra.* In this, the character and nature of relief available is not determined by that of the public to support a pauper but proceeds from the obligation imposed by the marriage relation upon a husband to afford reasonable support to his wife in accordance with his ability to do so. *Smith vs. Smith, supra,* 580. To maintain such an action the plaintiff, of course, is not required to meet the requirements of a cause based upon the statute. *Smith vs. Smith, supra,* 580.

If, therefore, the defendant is correct in his assumption that the allegations made are sufficient to invoke the statutory remedy it follows then that two causes of action are stated in one count, viz., one on the statute for meager support and the other in equity for maintenance arising from the husband's duty in a subsisting marital relationship. In this situation, defendant had the option of attacking any count by demurrer insofar as it purported to state a particular form of action (Practice Book, §97; *Smith & Co. vs. Hurlburt Co.,* 93 Conn. 391, 398; *Freeman's Appeal from Commissioners,* 71 id. 708, 717), or of testing the sufficiency of any count in its entirety. In the latter case the demurrer would be required to embrace all causes of action stated therein, since being addressed to a count as a whole the pleading must stand if even one cause of action alleged escaped the demurrer's assault. Grounds 1, 2(a), and 3(a) of the demurrer are consequently overruled.

*Cashman vs. Meriden Hospital,* 117 Conn. 585, 586; *Thompson vs. Main,* 102 id. 640, 641; *Tice vs. Moore,* 82 id. 244, 251; *Water Commissioners vs. Robbins,* 82 id. 623; *Beckerle vs. Danbury,* 80 id. 124, 126.

The same considerations apply to the demurrer insofar as it is specifically addressed to the second and third counts. It is assumed therein that a cause of action is stated in each upon the statute which is combined in the second count with a cause predicated upon a contract, and in the third upon an obligation arising in law upon the defendant's part to reimburse the plaintiff for sums expended by her in supporting herself during the period of defendant's default in the performance of his marital obligation in that respect. Thus, each of these counts combine a statement of two distinct causes of action. The demurrer, however, to each is addressed to the counts as a whole and not to each cause of action distinctly. It is, therefore, bad and must be overruled on all grounds contained therein.