## ADELINE HEIN
*vs.*
## ALBERT D. HEIN

Superior Court      Fairfield County      File No. 46477

### MEMORANDUM FILED SEPTEMBER 7, 1939.

*Davis, Davis & Davis,* of Norwalk; *Taylor & Lovejoy,* of South Norwalk, for the Plaintiff.

*Keogh & Candee,* of South Norwalk, for the Defendant.

McEVOY, J. This is an equitable action brought by the wife directly against her husband for support. It was tried in Bridgeport, to the court, on May 31, 1939.

After the trial the parties asked the court to defer decision pending a possible adjustment directly between the parties.

No adjustment has been made.

The evidence discloses that these parties married in 1924, that the plaintiff was then 40 years of age and the defendant was 69 years of age, so that the defendant is now nearly 85 years of age.

For five or six years they lived happily. Then financial reverses came to the defendant. Subsequently the plaintiff was seriously ill and her care and attendance entailed considerable expense.

Then began the real difficulty between the parties.

At the time of the marriage the defendant owned substantial equities in various parcels of real estate, from which he had a substantial income. As time went on the income ceased and some of the property became very dilapidated and the receipts

from it were not sufficient to pay the carrying expenses.

On a number of different occasions the parties attempted to make an adjustment respecting the real estate which the defendant now owns. These negotiations were not restricted, solely, to business discussions. The plaintiff, erroneously, suspected that the money of the defendant was being diverted in a wrongful direction. The evidence shows that this suspicion was not justified and it is now admitted by the plaintiff's attorney that there was no basis for it.

In paragraph 2 of the complaint it is alleged that the defendant now refuses and neglects and threatens to continue to refuse and neglect to provide the plaintiff with sufficient funds for her support in accordance with their station of life and the necessities of life.

Paragraph 3 of the complaint alleges that "for the past nine years (the defendant) has been able to provide plaintiff with the necessities of life."

In the defendant's answer paragraph 3 sets out that "it is admitted that the defendant has been able to provide the plaintiff with the necessities of life and it is claimed that he has done so to the best of his ability."

Notwithstanding this pleading the real situation is that, actually, the defendant has not had sufficient funds during the past few years to properly provide for the plaintiff's necessities.

While this is found to be true, it nevertheless appears that, in view of the real estate holdings of the defendant, it has been possible, on several occasions, for the parties to have reached an adjustment which would have reasonably provided the plaintiff with reasonable support.

If the parties had confined their negotiations and discussions simply to the matters at hand and had eliminated matters of personalities, a result, reasonable in its substance, could have been reached.

The evidence discloses that it is still possible to do so.

Now that the misapprehension on the part of the plaintiff as to the diversion of the defendant's funds has been dispelled, it would appear that the parties ought to be able to come to an amicable agreement

"In a direct equitable action by a wife against her husband

such as the one at bar, the measure of the husband's duty is that support to which the wife is entitled by virtue of the marital contract." *Smith vs. Smith,* 114 Conn. 575, 580.

In *Bradley vs. Fenn,* 103 Conn. 1, our Supreme Court said that the requirement to furnish support is not restricted to the income of the party proceeded against, but that the fact that such contribution might impair his capital is not of itself a sufficient reason why it should not be provided, citing *Templeton vs. Stratton,* 120 Mass. 137, 140.

"A husband with a fortune so invested that he is temporarily receiving little or no income therefrom, cannot thus be relieved from his obligation to support his wife." *Smith vs. Smith, supra,* 581.

"It was the province of a court of equity to make its judgment conform to all the equitable considerations disclosed at the trial." *Smith vs. Smith, supra,* 581.

Under all the circumstances of this case it would seem equitable and just that an order be entered that the defendant pay to the plaintiff the sum of twenty-five dollars each week, the first payment to be made within one week from the filing of this memorandum of decision.

Decree and judgment may enter accordingly.