ADELINE HEIN *v.* ALBERT G. HEIN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 10—decided February 7, 1941.

*John Keogh, Jr.*, for the appellant (defendant).

No appearance for the appellee (plaintiff).

AVERY, J. The parties to this case are husband and wife and both are residents of this state. In Decem-

ber, 1934, the plaintiff commenced an action against the defendant to compel him to furnish her with support. The case was not tried until 1939 and judgment was entered on September 8th of that year, by the terms of which the defendant was ordered to pay the plaintiff the sum of $25 each week, the first payment to be made within one week from the date of judgment. While a very belated attempt was made to secure a finding, no appeal was taken from this judgment. On January 5, 1940, the defendant filed a motion to modify the judgment, claiming that he was financially unable to comply with the order of the court and asking that it be modified to conform to his present financial circumstances. This motion was heard by the Superior Court and denied on March 11, 1940, and the defendant has appealed.

From the finding of the court, with such material corrections as the plaintiff is entitled to have made, these facts appear: The parties were married about fourteen years ago and their marriage has never been dissolved. They lived together at Norwalk until December 3, 1934, when they separated. At the time of the hearing, the plaintiff was fifty-six and the defendant eighty-five years of age. While the parties lived together, the plaintiff was employed until she became ill, the defendant contributing nothing to her support nor has he contributed anything since the parties separated. The parties are joint owners of a dwelling at Norwalk, having a fair market value of $8000 and being free from incumbrances, except certain unpaid taxes, the amount of which did not appear. The plaintiff still lives in the house, and after the parties separated she paid some taxes. Since that time, they have not been paid by her and the defendant has paid nothing on that behalf. Other than her half interest in this property, the plaintiff has no property nor any

income or means of support and is physically unable to work. For a long time, the plaintiff has been destitute of means with which to purchase food and in need of medical attention and is now heavily indebted. Aside from his interest in the real property owned jointly with the plaintiff, the only other property owned by the defendant is a tenement house in Brooklyn, New York, which he is unable to rent because the property is in need of repairs. The defendant has paid no taxes on this property for years. It is boarded up and its present market value is doubtful. For four or five years prior to the trial of the original suit, the defendant had received $50 per month from Miss Helen Keller, whom he claimed to be a niece. Following the rendition of the judgment, and at the insistence of Miss Keller, the defendant applied for an old age pension and was granted one in the sum of $30 per month, and is receiving in addition to that $20 per month from Miss Keller. The defendant makes his home with a private family in Norwalk, Connecticut, paying from $10 to $11 per week for board, room, and laundry. Except for the fact that after the judgment in the original action the defendant, instead of receiving $50 from Miss Keller, received from her $20 per month and $30 in payment of the old age pension, there was no change in the financial situation of the parties between the time of the judgment in the original action and the hearing on the motion to modify.

The judge before whom the original case was tried was of the opinion that actually the defendant had not sufficient funds for the past few years to provide for the plaintiff's necessities, but, nevertheless, in view of the defendant's real estate holdings, was of the opinion that it would have been possible on several occasions for the parties to have reached an adjustment which would have provided the plaintiff with reasonable sup-

port and that it was still possible for them to do so. The judge before whom the motion to modify was heard was of the same opinion and found as a fact that the defendant, even if he were able to do so, would not make the payments provided in the judgment except under legal compulsion. As no substantial change had occurred in the financial situation of the parties between the time of the judgment and the time of the hearing on the motion to modify, the court refused to modify the judgment.

The defendant in his brief discusses the original action brought in this case as an equitable action for support such as *Artman* v. *Artman*, 111 Conn. 124, 149 Atl. 246; and *Smith* v. *Smith*, 114 Conn. 575, 159 Atl. 489, and appears to concede that the action was not brought under the provisions of General Statutes, §§ 1717, 1718, and 1719. In *Smith* v. *Smith*, supra, 579, 580, we said: "The obvious necessity of meeting the precise terms of the statute in order to lay a basis for recovery, does not of course exist in a case in equity which does not rely on statutory provisions. The measure of a defendant husband's duty in the equitable action is not limited to that support which it is the duty of the public authorities by statute to provide. In a direct equitable action by a wife against her husband such as the one at bar, the measure of the husband's duty is that support to which the wife is entitled by virtue of the marital contract. It is not limited to that provision for support which the selectmen would be required to provide for a poor person or pauper; generally speaking, it requires the husband to provide 'within the reasonable limits of his ability, for her comfort and happiness as well as for her mere bodily shelter and food.'" *Koniak* v. *Koniak*, 123 Conn. 338, 342, 195 Atl. 189. In the *Smith* case we further said (p. 581): "A husband with a fortune so

invested that he is temporarily receiving little or no income therefrom, cannot thus be relieved from his obligation to support his wife." In *Bradley* v. *Fenn*, 103 Conn. 1, 6, 130 Atl. 136, we quoted with approval the language of the Supreme Court of Massachusetts, in *Templeton* v. *Stratton*, 128 Mass. 137, 140, "the fact that such contribution might impair his capital [is] not of itself a sufficient reason why it should not be" provided.

In the instant case, no appeal was taken from the judgment of September 8, 1939, but within four months the motion to modify was made, no substantial change in the financial circumstances of either party having occurred in the meantime. Even if a motion to modify may properly be made in such a case as this, it cannot take the place of an appeal and should not be entertained unless it appears that a substantial change has occurred in the situation of the parties since the judgment in the original action. *Lowe* v. *Prospect Hill Cemetery Asso.*, 75 Neb. 85, 99, 102, 106 N. W. 429, 108 id. 978.

There is no error.

In this opinion the other judges concurred.