CARMELA DeROSA *v.* CARLO DeROSA.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 8—decided November 23, 1942.

*Frank Rich,* for the appellant (defendant).

*Charles N. Wexler,* for the appellee (plaintiff).

DICKENSON, J. This is an action in equity brought by a wife against her husband for support while living apart from him for justifiable cause. Judgment was for the plaintiff. The defendant confines his brief to two claims: that the plaintiff is barred of recovery because of her refusal to return to him after numerous requests and that she is also barred because of an expressed intention never to return to him.

While the assignments of error attack the finding, this is sustained by the evidence and proper inference therefrom and from other facts found. The facts are these: The parties intermarried November 18, 1908. They raised three children, who are now married. From the date of the marriage to May, 1937, the defendant adequately supported the plaintiff. During that time, however, he was ill-tempered, quarrels were frequent and upon two occasions the defendant assaulted the plaintiff and inflicted bodily injury. On May 12, 1937, during an altercation over bread-cutting, the defendant seized a bread knife, brandished it, assaulted, struck and injured the plaintiff. She then left him and because of fear of her life and bodily injury has not and will not return to him, although the defendant on numerous occasions has asked her to do so. The defendant claimed that his efforts to effect a reconciliation were made in good faith, but the trial court found this not to be so. The plaintiff was and is in poor health and requires medical care and hospitalization. She is suffering from an inguinal hernia, a dropped womb, varicose veins and a gall bladder disturbance. From the date of the last assault she has

been afraid to venture upon the streets alone at night because of the fear of her husband.

The law is well stated in *Delaware County* v. *Mercer*, 2 Clark (Pa.) 75, 78, note, 6 A. L. R. 54, where the court said: "It is generally true, that where a husband, after a separation, offers in good faith to receive his wife, and expresses his willingness to maintain her if she will come home and do her duty, the Court will not . . . devote his property to her support without his consent. But this rests in the discretion of the Court; and it ought to be convinced not only that the offer is made in sincerity, but that from the character and conduct of the man, there is a reasonable probability that it will be faithfully adhered to. Under certain circumstances, such an offer would be a mockery, as where the husband . . . is, from ungovernable passions . . . dangerous. To compel a wife to trust herself to such a protection as this, would, as was justly remarked in analogous cases . . . 'be cruel in the highest degree to unfortunate married women.' "

In *Belden* v. *Belden*, 82 Conn. 611, 612, 74 Atl. 896, a statutory action for support, we held that a proffer of support at his home made by a husband who had caused his wife to leave him by conduct that made her life unendurable was not one which the law countenanced or recognized as a bar to such an action.

The defendant relies upon our statement in *Campbell* v. *Campbell*, 110 Conn. 277, 279, 149 Atl. 80, that, "in order to justify a wife in leaving her husband, there must be such improper conduct on his part as would defeat the essential purposes of the marriage relation or the circumstances must be such that she has good reason to believe that cohabitation cannot longer be continued with due regard to her health, or safety, or that the conditions of her marital life have become intolerable; nor can she defend against a

charge of desertion, whatever be her reasons for leaving, if her absenting herself be accompanied by an intent finally to sever the marriage relationship in fact, so as to amount to an extra legal divorcement. . . . The broad ruling of the court precluded the defendant from showing any situation which might justify her refusal to cohabit with her husband and it was therefore erroneous." That action was brought by a husband to obtain a divorce for desertion and the wife defended on the ground that his conduct toward her had been such as to justify her leaving him. A necessary element in a cause of divorce for desertion is an intention on the part of the absenting party not to resume cohabitation; *Dow* v. *Dow*, 97 Conn. 488, 490, 117 Atl. 507; and our statement in the *Campbell* case was an application of the same principle in the case of a wife defending an action for a divorce for desertion on the ground that she was justified in leaving her husband. The principle has no application to an action for support by a wife who is living apart from her husband for justifiable reasons. The basis of this action is that the husband, bound to support his wife, has so conducted himself that she cannot properly be held to be under a duty to receive that support as an incident of cohabitation with him, and hence is entitled to it while living apart from him. *Smith* v. *Smith*, 114 Conn. 575, 159 Atl. 489; *Hein* v. *Hein*, 127 Conn. 503, 18 Atl. (2d) 374. In a cause of action for support, the intention of the wife is at most only incidentally involved and so long as she is justified in living apart from him she is entitled to his support.

There is no error.

In this opinion the other judges concurred.