## MARY PRZYBYLO

*vs.*

## ANDREW PRZYBYLO ET ALS.

Court of Common Pleas   New Haven County   File No. 35841

MEMORANDUM   FILED   DECEMBER   28,   1945

*David H. Jacobs,* of Meriden, for the Plaintiff.

*Francis R. Danaher,* of Meriden, for the Defendants.

SWAIN, J.   The plaintiff and the defendant Andrew Przybylo were married April 20, 1906, and they are still married. The plaintiff left her husband on November 15, 1943, and ever since she has continuously lived apart from him. The plaintiff claims that she left the defendant because his intolerable conduct toward her made it impossible for her to live with him. Since November 15, 1943, and up to the commencement of this action. the defendant has failed to support her, and, as a result thereof, she has been forced to spend her own money for her support.

In this action she is seeking indemnity from her husband for the money she has thus spent, and she is also asking for future support.

The parties had nine children. The five surviving children are all over twenty-one years of age.

The defendant's conduct toward the plaintiff over a period of twenty years and up to the time she left him on November 15, 1943, clearly justifies her living apart from her husband. During the last twenty years of her life with the defendant he beat, struck, and slapped her frequently. He called her vile names. The defendant struck the plaintiff before the children at times and on other occasions before visitors in their home.

This constant beating and continual nagging seriously impaired her health. Just before she left him the defendant's actions became so unbearable that she went nights to sleep in her daughter's apartment. The plaintiff could no longer endure her husband's intolerable treatment and so left him.

During her married life, in addition to taking care of the house and preparing meals, she worked in her husband's store. When that was sold she worked elsewhere to help support the family.

Some years ago, the defendant conveyed a one-half interest in their home and a separate lot to the plaintiff. This conveyance was not for her support, nor is there any such claim made by the defendant. The defendant, previous to his wife's departure, sold some property and deposited the money so received in a joint account with the provision that it could only be drawn upon an order signed by both. This sum so deposited by the defendant was not for the plaintiff's support.

Both the plaintiff and the defendant were thrifty and hard working. The two daughters who testified on behalf of the plaintiff concerning the long series of cruel acts perpetrated by the defendant against the plaintiff were very convincing. The plaintiff is a frail woman sixty years of age.

The defendant admits that he has not contributed anything toward the plaintiff's support since she left. He claims that the plaintiff has failed to prove facts which would entitle her to separate support. The plaintiff has clearly proved that by reason of the defendant's intolerable acts and conduct she is entitled to support while living apart from him.

The law clearly establishes the primary obligation of the husband to support his family (Gen. Stat. [1930] §5155, as

amd. by Cum. Supp. [1935] §1596c; *Bohun vs. Kinasz*, 124 Conn. 543, 546).

Section 1596c of the 1935 Cumulative Supplement to the General Statutes, specifically gives the wife the right to indemnity for money that she shall have been compelled to pay for the support of the family. Her right is not defeated because she has private means. *Churchward vs. Churchward*, 132 Conn. 72, 78, 79.

The plaintiff has spent her own money which she received from her son and from rents for her support.

The list of expenditures listed below come within the reasonable limits of the defendant's ability to provide for her comfort and happiness. *Smith vs. Smith*, 114 Conn. 575, 580.

There are listed below the expenditures for which the plaintiff is seeking indemnity:

| | |
|---|---:|
| Rent, one year, at $18 per month | $ 216. |
| Food, $9 per week, 2 years | 936. |
| Gas and electric for one year | 92. |
| Personal tax, two years | 6. |
| Oil, seven months, 100 gals. per month at $11\frac{1}{2}$ cents per gal. | 80.50 |
| Insurance on furniture | 13. |
| Bus fare, one year | 67. |
| Dentist, two years | 12. |
| Church, 50 cents per week, two years | 52. |
| Amusement for two years | 78. |
| Clothing, two years | 400. |
| Laundry, two years | 78. |
| Dr. Cohen | 4. |
| Dr. Murdock, x-ray | 5. |
| Dr. Foster, four visits and operation at Meriden Hospital, 1944 | 162. |
| Meriden Hospital | 83. |
| Nursing | 60. |
| Dr. Weiss and Dr. Bunnell | 15. |
| Arch support | 10.50 |
| Eye glasses | 11.50 |
| Elastic stockings, three pairs | 24. |
| | $2,405.50 |

From November 15, 1943 to August 3, 1944, the defendant was earning $35 net a week, during which period he purchased $675 in war bonds. The defendant now works as a bartender in a club for an average of $40 per week. When he wishes to take time off, he must furnish a substitute.

Three days after the plaintiff left the defendant he transferred some property to his nephew and received $3,400 in cash. In his own words, the defendant claims to have "blown in $2,200 of this sum, plus his earnings in one year" on "drinks" and "good times." He claims that $1,800 of the $3,400 he gave to his sister in Long Island in payment of a debt.

In addition to the claim for indemnity, the plaintiff has asked the court as a court of equity to order the defendant to make future payments for his wife's support.

Under section 808f of the 1941 Supplement to the General Statutes, the Court of Common Pleas "shall have exclusive jurisdiction of all civil actions for equitable relief only, wherein the matter in demand shall not exceed twenty-five hundred dollars."

An action for support is equitable in nature and where the plaintiff has not forfeited that right, such an action lies in this State. *Smith vs. Smith, supra,* p. 578; *Artman vs. Artman,* 111 Conn. 124.

The plaintiff asks for a judgment for future payments only to an amount which together with the amount claimed for indemnity will not exceed in the aggregate the sum of $2,500.

The issues are found for the plaintiff. A judgment may be entered for the plaintiff to recover of the defendant Andrew Przybylo the sum of $2,405.05, and it is further ordered that the defendant pay to the plaintiff for future support $10 per week, commencing one week from the date hereof, for a period of nine weeks.