## NETTIE LIBER v. NATHAN LIBER

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 73085

Memorandum filed March 26, 1946.

*Shipman & Goodwin,* of Hartford, for the Plaintiff.

*Omar W. Platt,* of Milford, for the Defendant.

MELLITZ, J.    The plaintiff is the wife of the defendant and brings this action in equity for support. The defendant has pleaded in a special defense that on February 20, 1941, while the plaintiff was separated and living apart from the defendant, she brought an action against him for support and made substantially the same allegations as are contained in the complaint in this action, that said action was fully settled and satisfied by the payment to the plaintiff by the defendant of the sum of $3,000, and that a full release was executed by her in which she agreed to relinquish all right of future support by the defendant. To this special defense the plaintiff has demurred on the ground that the agreement by the plaintiff to abandon and relinquish her rights to enforce the defendant's legal obligation to support her is contrary to public policy and therefore invalid.

The question presented is whether a married woman while separated and living apart from her husband may voluntarily and for a sufficient consideration relinquish her right to maintain an action for the measure and degree of support to which she may be entitled by virtue of the marital contract. The question is not whether the defense here interposed would be a valid defense to a proceeding under § 1717 of the General Statutes, which requires support by designated relatives of dependents who are unable to support themselves. The basis for a recovery in a proceeding under the statute is not the same as that in an equitable action for support; *Koniak* v. *Koniak,* 123 Conn. 338, 342; and the measure of a husband's duty in an equitable action

for support is not limited to the support required under the statute to be provided for a poor person, but is that to which the wife is entitled by the marital contract, under which the husband is required to provide "within the reasonable limits of his ability, for her comfort and happiness as well as for her mere bodily shelter and food." *Smith* v. *Smith,* 114 Conn. 575, 580; *Hein* v. *Hein,* 127 Conn. 503, 506.

Where a married woman has not by her own conduct forfeited that right, she may maintain an action in equity for such future support as she may be entitled to by virtue of the marital contract. *Morris* v. *Morris,* 132 Conn. 188, 192.

The plaintiff admits, for the purposes of the demurrer, that while separated and living apart from her husband she availed herself of her right to institute an equitable action for future support and, in settlement of that action and for a valuable consideration, entered into the agreement alleged in the special defense, which she now contends may not be held to be binding upon her.

An agreement looking to a future separation of husband and wife, or for her maintenance after such future separation, is contrary to public policy and will not be sustained in a court of equity; but where a husband and wife are living apart for causes rendering such separation reasonably necessary, an agreement for the maintenance of the wife, made in good faith and upon a valuable consideration, and which is just and reasonable, may be enforced in equity, although the courts will examine such an agreement with great caution before confirming it. *Boland* v. *O'Neil,* 72 Conn. 217, 220.

Like considerations attend an agreement relating to alimony or a property settlement in divorce proceedings, and, where an agreement is not made to facilitate divorce but is in view of divorce proceedings already independently instituted or determined upon, it is not contrary to public policy and is unobjectionable if submitted for approval by the court with full opportunity for scrutiny before the decree. *Felton* v. *Felton,* 123 Conn. 564, 568.

No reason is perceived why the agreement entered into between the parties, if found to have been reasonable and fairly made, may not be held to be binding upon the plaintiff to the extent necessary to constitute a valid defense to the present

action See *Tallmon* v. *Tallmon*, 166 Iowa 379. The plaintiff seeks the aid of a court of equity and is not entitled to that aid if, in the light of the circumstances attending the settlement of her prior action, it would be inequitable to impose a further obligation upon the defendant. It may be noted that in the *Felton* case, supra, the plaintiff wife, after the parties separated, agreed to waive all future claims against her husband for support in consideration of a conveyance of certain property to her. In holding that the wife was not entitled as of right to any order for alimony from the income of her husband, even of a nominal amount, although she established her right to a divorce, it was observed that the wife's agreement made after the separation was exhibited to the trial court which found that the agreement was fairly entered into, and that the trial court properly considered the agreement with the other facts of the case in determining whether upon the whole situation the plaintiff was entitled to alimony.

Certainly to the extent that the agreement is found to have been equitable and just the defendant is entitled to have it enforced in a court of equity.

The demurrer is overruled.