BERTHA E. DELLE v. BERNHARDT E. DELLE

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 63944

Memorandum filed October 16, 1946.

*Wiggin & Dana,* of New Haven, for the Plaintiff.

*David M. Reilly,* of New Haven, for the Defendant.

MELLITZ, J. The complaint alleges that the defendant is the husband of the plaintiff, that during the period of six years next preceding the date of the complaint he has neglected to support her, and that the plaintiff has been compelled to pay large sums of her own money to support herself. The prayer is for a judgment of $8000 damages, a decree requiring the defendant to pay for the support of the plaintiff in the future, and for such other relief as the plaintiff may be entitled to in equity.

The plaintiff has moved to strike the case from the jury docket and the jury trial list, to which it was claimed by the defendant, on the ground that the action is equitable and not such as may be claimed for the jury under the pertinent statutes and rules of court.

It is well established that a wife may institute an action against her husband in equity for support. *Hein* v. *Hein,* 127 Conn. 503, 506. In such an action she may have damages awarded to her for sums expended by her for past support. *Artman* v. *Artman,* 111 Conn. 124, 130. However, to the extent that she seeks to recover sums spent by her from her own funds for past support, her claim is legal rather than equitable. *Bohun* v. *Kinasz,* 124 Conn. 543, 547; *Churchward* v. *Churchward,* 132 Conn. 72, 78.

Here the allegations of the complaint are directed to the recovery of a judgment for a substantial amount representing sums which the plaintiff alleges she was compelled to pay from her own funds to support herself during the period of six years next preceding the date of the complaint. That claim being a legal one, the defendant is entitled to a jury trial of the issues presented upon it. *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 618. In the event of a determination of such issues in favor of the plaintiff, no reason is perceived why the court may not enter its decree for such further relief as the plaintiff may be entitled to upon the equitable aspects of the action.

The motion to strike is denied.