EMMA KIESSLING *v.* ELMER C. KIESSLING

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 4—decided May 6, 1948

*J. Warren Upson,* with whom, on the brief, was *Lawrence L. Lewis,* for the appellant (defendant).

*John H. Cassidy,* for the appellee (plaintiff).

JENNINGS, J.    This is an action for support brought by a wife separated from her husband.    The

defendant suffered a default and the case was heard in damages. The court awarded the plaintiff $80 per week, and the real basis of the defendant's appeal is a claim that this is excessive in view of his financial condition.

The court found that the net worth of the defendant was $60,000 and that his annual income from salary and dividends was $11,102. This finding is attacked and, unfortunately for the plaintiff, cannot be sustained. The major item of capital assets is a ninety-six-acre farm, stocked and well equipped. An appraiser, offered by the plaintiff, valued the real estate at $20,600. The court was not bound by this estimate, but there was no other evidence to sustain the finding that the farm was worth $30,000 or $40,000. The only evidence of the actual value of the personal property on the farm (income tax return for 1946) was that it was worth about $6000. Stockholdings were valued at a little over $1000. There was no evidence of any other property of substantial amount. The income figure included a salary item of $3000. This was formerly received by the defendant but the uncontradicted evidence was that this payment ceased after 1945. These discrepancies are too large to pass unnoticed. It is apparent that the trial court did not believe the defendant, but that would not justify the increased values placed upon his property and income without supporting evidence. See *State* v. *Poplowski,* 104 Conn. 493, 495, 133 A. 671. It may be that on a new trial the same result will be reached; *Hein* v. *Hein,* 127 Conn. 503, 506, 18 A. 2d 374; but the judgment based on these facts, erroneously found, cannot stand. *Botticelli* v. *Winters,* 125 Conn. 537, 541, 7 A. 2d 443; Conn. App. Proc. § 175.

In view of this conclusion, only two other assignments of error are noticed. A default was entered under Practice Book, § 75, for failure to disclose facts and produce documents for inspection. The record may be summarized as follows: The pleadings were closed October 10, 1945. On November 20, the plaintiff filed a motion under Practice Book, § 76, asking that the defendant be ordered to produce, among other things, his bank vouchers for the period from January 1 to November 1, 1945. This motion was granted March 26, 1946. On November 20, 1945, the plaintiff also filed a motion for disclosure, under Practice Book, §§ 72 and 73, containing twenty-four written interrogatories. Most of these were answered on January 24, 1946, and on March 26, 1946, the defendant was ordered to answer three more, which asked for the net profit and list of stockholders of two corporations in which the defendant was interested. On June 15, 1946, the plaintiff filed her motion that the defendant be defaulted under Practice Book, § 75, for failure to comply with the orders of court as to the matters set forth above. The defendant filed an answer to this motion which was expunged without memorandum on July 11, 1946, and the default was entered the same day.

If §§ 72 to 78 of the Practice Book, relating to disclosure, are read together, it is apparent that the procedure is intended to be speedy and summary. If the default judgment was proper on any of the grounds alleged, it should stand.

Practice Book, § 75, provides in part: "If a party has failed to . . . comply with any order for disclosure or inspection, the court, on motion, may default the party in fault." The plaintiff is suing for support. It is obvious that the financial condi-

tion and transactions of the defendant are material to her cause of action, and the order that he produce his vouchers for a limited period was reasonable on its face. The answer to the motion for a default was unnecessary and was properly expunged. The filing of a pleading addressed to an interlocutory motion is a procedure not recognized in our present practice. See *Ragali* v. *Holmes,* 111 Conn. 663, 665, 151 A. 190. Orders made pursuant to the rules on discovery are, speaking generally, within the sound discretion of the trial court. *Katz* v. *Richman,* 114 Conn. 165, 171, 158 A. 219; *May* v. *Young,* 125 Conn. 1, 10, 2 A. 2d 385. Its discretion was not abused in this instance. This conclusion makes it unnecessary to consider the propriety of its further order that the defendant disclose matters with reference to the corporations of which he was an officer and stockholder. The entry of the default was proper.

At the outset of the trial the plaintiff testified, over the defendant's objection, to the conduct of the defendant over a period of five or six years prior to their separation. The objection was based on the claim that the hearing was in damages and that the evidence offered was immaterial and irrelevant. Where there is a default judgment and nothing more, the cause of action and every element necessary to establish it are admitted, and all that remains is to fix the amount of damages. *Lamphear* v. *Buckingham,* 33 Conn. 237, 249. The line should not be drawn too closely in domestic relations matters, but, treating the general objection generally, the circumstances leading up to the separation of the parties were irrelevant except as they might be involved as elements to be considered in fixing the amount of the award.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.