## JOHN G. BRIMMER v. MARY BRIMMER

SUPERIOR COURT　　　NEW LONDON COUNTY　　　FILE NO. 17985

Memorandum filed January 6, 1949.

*John E. Shields,* of Norwich, for the Plaintiff.

*Allyn L. Brown, Jr.,* of Norwich, for the Defendant.

DALY, J. The plaintiff brought this action seeking a divorce. The defendant, by cross-complaint, asked that the plaintiff be ordered to pay monthly a sufficient sum for her support and the support of the minor child, and $4000 for sums expended for past support.

At the conclusion of the presentation of the plaintiff's evidence judgment was rendered for the defendant upon the complaint. The questions remaining are those connected with the cross-complaint.

It is clear from the evidence that for some time the major activities of the plaintiff have consisted of one effort after another to relieve himself of the responsibilities of being the husband of the defendant. The parties, married in June, 1937, have one minor child, John Godfrey Brimmer, II, born September 1, 1942. The plaintiff graduated from the United States Military Academy in the class of 1936. The defendant is a graduate of Vassar College and is a cultured lady of intelligence.

In 1943, the plaintiff, then an officer in the United States army, was ordered to Fort Sill, Oklahoma. The defendant was very anxious to accompany him there but he did not wish it.

Because she had no other choice, she and her infant son returned to Taftville in the town of Norwich, to the home of her parents. Shortly after her arrival she was stricken with poliomyelitis and has made a very good recovery but still has some effects from it. She and her son have lived with her father and have been supported by him since then. She has made every reasonable effort to have a home established where she and her husband and child might live together. The plaintiff has refused to live with her and her child and, in fact, has not supported them. He instituted a divorce action against the defendant in Wyoming but dropped it before instituting the present action.

The plaintiff is no longer an officer in the United States army. He is employed in industry and his salary is approximately $108 per week. What amount should the plaintiff be ordered to pay for the support of his wife and child and can the defendant recover for disbursements made during the last several years by her father in supporting her and her child?

In *Smith* v. *Smith*, 114 Conn. 575, at page 581, the court said: "He must provide for her within the reasonable limits of his ability, and what is reasonable must be determined by a court of equity after a full disclosure of his financial condition and his and her station in life."

The plaintiff is ordered to pay to the defendant the sum of two hundred and twenty (220) dollars per month, starting in January, 1949, said payments to be made to the defendant not later than the tenth of each month.

It is true that the defendant's father has expended large sums for the support and maintenance of the defendant and the son of the parties. I have endeavored to find authority for a judgment in favor of the defendant for the sums expended by her father on the theory that she is possibly obligated to him for the same. It would seem that morally the plaintiff should be required to repay these sums. However, the defendant's father, who actually expended the money, is not a party to this lawsuit and the defendant herself has not expended her own funds. Consequently, I do not believe that the court is authorized to permit recovery by the defendant for these items.

Judgment is rendered for the defendant in accordance with the terms of this memorandum and costs shall be taxed in favor of the defendant against the plaintiff.