## BORTON v. BORTON.

DIVORCE: EVIDENCE CONSIDERED.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, APRIL 17.

ACTION for divorce. There was a decree granting the relief prayed for by plaintiff. Defendant appeals.

*Brown & Binford* and *O. L. Binford*, for appellant.

*Sears & Lemert*, for appellee.

BECK, J.—Plaintiff, alleging her marriage with defendant, and other matters necessary to be averred, claims a divorce on the ground that defendant had a lawful wife living at the time of his marriage to plaintiff. The defendant admits his prior marriage, but avers that he was never married to plaintiff. The issue thus formed involves the only question in the case. The testimony of the parties themselves is in utter conflict. Plaintiff testifies that the marriage was solemnized by a person introduced to her by defendant as a preacher. No one was present but the three. Defendant swears that the marriage was not solemnized.

It is shown in support of plaintiff's testimony that defendant procured a license from the clerk of the court for the marriage of the parties, and to satisfy him that the plaintiff was of proper age defendant introduced her to the clerk. The plaintiff testifies that immediately after the license was issued the marriage ceremony was performed. Within a very short time afterwards plaintiff claimed to others, in defendant's presence, that they were married. Defendant made no denial of the marriage. This claim was repeated by plaintiff, when defendant was present, who was again silent. There was no return of the license to the proper clerk's office, and there is no record of the marriage. The preacher solemnizing the marriage, as claimed by plaintiff, was not produced as a witness.

The parties lived together as man and wife for about four months, and a child is the result of the union.

Defendant testifies that his object in procuring the license was to create a public belief of his marriage with plaintiff in order to cover up their criminal cohabitation.

It is shown, in order to impeach plaintiff, that she executed an instrument acknowledging the receipt of two hundred dollars from defendant

as full satisfaction for her seduction, and the support of her child. We think the testimony tends to show that she was induced to sign the instrument by the influence which defendant possessed over her. At the time she claimed in defendant's presence that they were married, he did not deny it.

The parties show themselves to be unworthy of our full confidence; defendant surely is entitled to no respect or credit as a witness. If his own story be true he is no less a villain than he is shown to be if we believe plaintiff's testimony. In either view of his character, his utter disregard of moral obligations, his frontless impudence in confessing to one crime in order to escape the consequences of another, destroy all confidence in his testimony.

No objection is raised to the judgment so far as it is for an amount of money to be paid to plaintiff. We are not called upon to consider that part of the relief granted by the decree of the Circuit Court.

AFFIRMED.