## McFarland v. McFarland.

51 565
92 724

51 565
128 169

51 565
130 249

51 565
138 575

**1. Divorce:** TEMPORARY ALIMONY: VOIDABLE DECREE.   When an action is brought to set aside a decree of divorce which is voidable only, temporary alimony cannot be allowed the divorced wife to enable her to prosecute the action, nor for her support during its pendency.

**2.** ——— : ——— : ———.   But when a voidable decree for divorce had been rendered, and the wife was subsequently induced by her former husband to return and live with him, upon his representation that the proceedings for divorce were void, and they lived together for six years as husband and wife, during which he treated her as his wife, and so acknowledged her to the world, it was *held* that she was entitled to temporary alimony to enable her to prosecute an action for permanent alimony.

**3.** ——— : ——— : ———.   Nor would her right to such temporary alimony be affected by a showing of misconduct in the marriage relation.

*Appeal from Polk Circuit Court.*

WEDNESDAY, SEPTEMBER 17.

THERE were two actions commenced by the plaintiff against the defendant.   The said actions were consolidated, and from an order or decree made after the consolidation this appeal was taken.   The petition in the first action set forth that the parties were married in 1860, and lived together as husband and wife until the month of May, 1870, when defendant "discarded" the plaintiff, and by reason of wrongs done her she was compelled to leave him, and that she remained absent about one year, when, at his request, she returned and again lived with him as his wife; that he then promised to treat her as such in every respect, and for a time kept such promise, and held her out to the world as his wife; that they entered anew into their former marital relations, and commenced to live and cohabit as husband and wife, the same as before said separation, and so continued until the month of May, 1877, when defendant with force and violence compelled plaintiff to leave "their household," and refused to allow her

McFarland v. McFarland.

anything for her support, she being unable to support herself. The relief asked was that she be allowed a reasonable sum for her support, and also for attorney's fees for prosecuting the action.

The answer to this action admitted the alleged marriage, but denied the other allegations of the petition, and pleaded in bar of the action a decree of divorce between the parties, which was obtained in this State in the month of May, 1870. It was also alleged in the answer that the plaintiff pretends to have some claim against the defendant, or his property, and it is prayed in the "answer in the nature of a cross-bill that she be restrained from asserting any claim against him or his property."

There was a reply to the answer admitting that "there is a pretended decree of divorce," as stated in the answer, which is utterly void upon certain grounds which will appear in the opinion. The object of the second action is to have "cancelled and set aside and held for naught" the said decree of divorce. The answer to this petition denies the material allegations thereof, and by way of cross-petition prays that defendant be granted a decree of divorce. There was a replication denying the allegations of the answer and cross-petition, and thereupon the two actions were consolidated. Afterward, the plaintiff filed a motion praying the court to make an order directing the defendant to pay her as temporary alimony a certain sum of money for her support pending the suit, and a further sum to pay her attorneys for their services in prosecuting the action. This motion was resisted by the defendant, and upon the hearing thereof a large number of affidavits and counter-affidavits were submitted to the court. The motion was sustained and the order made. From this order the defendant appeals.

*M. K. Ramsey* and *Wright, Gatch & Wright,* for appellant.

*Ritchey & Green* and *Phillips, Goode & Phillips,* for appellee.

McFarland v. McFarland.

ROTHROCK, J.—I. Alimony, either temporary or permanent, is based upon the existence of the marital relation.

**1. DIVORCE: temporary alimony: voidable decree.** Unless such relation exists it cannot be legally claimed nor allowed. The only inquiry, therefore, is, were these parties at the time the action was commenced husband and wife? That there was a decree of divorce entered by a court of competent jurisdiction, in the month of May, 1870, is not denied; but it is insisted said decree is void, because the court had no jurisdiction of the plaintiff in this action, and for fraud in obtaining the decree, and for the reason that the cause was heard and determined at chambers and not in open court. In support of the last proposition *Hobart v. Hobart*, 45 Iowa, 501, is cited as authority. That case, however, has no application to the case at bar, because it is based wholly upon a statute which was not in force when the decree in this case was found and entered.

Without referring to the evidence, or entering upon a discussion thereof, it is sufficient to say that the decree of divorce is not void. The most that can be claimed against it is that it may be voidable. This question, however, we do not determine. It is sufficient, for the purposes of this investigation, to say that the decree is not void. The action of the plaintiff must, therefore, be held to be a proceeding to set aside a voidable decree of divorce.

In *Wilson v. Wilson*, 49 Iowa, 544, which was an action brought by a divorced wife to set aside the decree because the court did not have jurisdiction, and for fraud perpetrated by the husband in obtaining it, we held that temporary alimony to enable the plaintiff to prosecute the action, and for her support, could not be allowed, and the order of the court below granting such relief was reversed. It is there said that alimony "is a right which results from the marital relation, and the fact of marriage between the parties must be admitted or proved before there can be a decree granting it." That case is directly in point, and following it we are required to hold that the court below erred in making the order for tem-

porary alimony, if the order was based upon the action which sought to set aside the decree of divorce.

The case of *Whetstone v. Whetstone*, 31 Iowa, 276, is clearly distinguishable from the case at bar. In that action the defendant pleaded a decree of divorce in bar of the divorce prayed for by the plaintiff. There was a replication setting up facts which showed the decree to be void. To this there was a demurrer. The legal effect of the demurrer was to admit of record that the divorce was void. The marriage relation still existed, and the plaintiff was seeking a divorce, and the defendant was ordered to pay to plaintiff a sum of money to enable her to prosecute the action. Here the plaintiff is not seeking a divorce, but asks that the obligations resulting from the marital relation shall be enforced. Besides this it is not admitted of record that the decree of divorce is void, nor can we so hold from the pleadings contained in the record. In *Graves v. Graves*, 36 Iowa, 310, no temporary alimony was allowed. That case, therefore, is not applicable to the question here presented.

The point determined in *Wilson v. Wilson, supra*, was that when an action is brought to set aside a decree of divorce which is voidable only, temporary alimony cannot be allowed the divorced wife to enable her to prosecute the action, nor for her support during its pendency.

II. The next question to be determined is, was there a marriage between the parties subsequent to the decree of divorce? It is not claimed that there was a statutory marriage. Neither is it claimed that there was any positive agreement between the parties that such relation should exist, made in the presence of others, nor between themselves. But it is insisted that they lived and cohabited together as husband and wife, and were recognized as such in the community in which they lived and by each other. If it should be conceded that such relation existed, as the plaintiff does not pray for its dissolution, but, on the contrary, desires to have the obligations arising therefrom en-

forced, it must follow that she is entitled to the relief given her by the court below.

The marriage relation is emphatically denied by the defendant, and we are called upon to determine whether the evidence upon that point was sufficient to justify the court below in making the order from which the appeal was taken. In other words, was there a sufficient showing that the marriage relation existed to warrant an allowance of temporary alimony and suit money?

The proposition that it is essential the plaintiff should establish the fact of a marriage subsequent to the decree of divorce must be conceded. In examining this question we deem it necessary to refer to but a small part of the evidence. The plaintiff alleges such subsequent marriage, or rather she alleges certain facts which it is claimed amounted to a marriage. Such marriage, and the facts tending to show there was one, are positively denied by the answer. The burden, then, is on the plaintiff to establish the fact of the alleged marriage.

It appears that she commenced an action for a divorce in the year 1869, which was permitted to abate. The reasons that induced the abandonment of the action are not material. A short time before it was commenced the parties separated, but lived and cohabited together again as husband and wife after the action was dismissed or abated, and until May, 1870; when the decree of divorce was rendered. They again separated until May, 1871, when the plaintiff returned to the house of the defendant at his request, and they lived together until 1877, when they again separated, and have since lived separate and apart from each other.

The plaintiff, in her affidavit in support of the motion for temporary alimony, says: "I have always supposed that he considered me his wife until very recently, and he told me himself, upon my return to him in May, 1871, that the proceedings in court did not amount to anything, and that it was not necessary to be married again, but he did not tell me,

and I did not understand, that any new proceedings were had between us, but I thought our going together would have the same effect on said occasion as in 1869, and he so stated to me on my arrival home in 1871."

The undisputed evidence is that she is not only destitute of the means of support, but destitute of the means of proving that she is entitled to support. We think the circumstances disclosed are such as to fully justify an allowance sufficient to secure a proper adjudication of the question at issue between the parties. The plaintiff is not an adventuress. She lived with the defendant many years. She is the mother of his child, already standing upon the verge of manhood. These facts, if no others, entitle her pretenses to respectful consideration.

In our opinion there was a sufficient showing of the resumption of the marital relation, when the plaintiff returned to the defendant's house and bed, to justify the court in making the order for temporary alimony. It must be remembered that the court did not determine the issue by making the order. It was but a preliminary question upon the motion, and unless the determination of the motion was clearly erroneous it would not be proper for this court to interfere. It is true that cohabitation does not of itself constitute marriage. On the other hand, no express form in this State is necessary more than at common law. *Blanchard v. Lambert*, 43 Iowa, 228. It is sufficient if the parties cohabiting intend present marriage, and it is immaterial how the intention is evidenced. The woman, indeed, may be entitled to marital rights if she intends present marriage, and the man does not, provided they cohabit and provided his conduct is such as to justify her in believing that he intends present marriage. *Borton v. Borton*, 48 Iowa, 697.

What, then, are the facts in this case as established by a preponderance of evidence? Within a few months after the alleged divorce the plaintiff, at the defendant's request, returned and continued to live with him until May, 1877, being

a period of about six years. The defendant is a wealthy banker in the city of Boone. During the six years in question he moved in the best society of Boone, and took the plaintiff with him as his wife. That he so held her out, and that she was so recognized and treated in society is *established* by the testimony of more than twenty persons, many of whom moved in the same circle socially, and all of whom were intimately acquainted with the parties. They (the plaintiff and defendant) entertained company together, and in so doing she extended invitations in her name, and presided at the defendant's table. They watched together beside the sick and dying among their neighbors, and followed in funeral processions in their family carriage. She advised with him in regard to the larger purchases for the household, and made the smaller ones by herself. She purchased her wardrobe upon his account, and he paid for it without ever repudiating her authority to bind him in this respect. He treated her with the demonstrations of affection due from a husband to a wife. When, therefore, she says that he told her that the divorce was a sham, and that he wished her to return and live with him as before, she is corroborated by all the proven circumstances of the case.

III. A large number of affidavits were introduced upon the hearing of the motion in the court below which tended to show that the plaintiff was of grossly bad character, and guilty of adultery. It is contended that because of her conduct in this regard the order for temporary alimony should not have been made. It seems to us that whatever the rights of the plaintiff may be upon the trial of the question as to her right to permanent alimony, or upon the trial of the cross-action for divorce against her, still she was entitled to a temporary allowance, upon proof that the relation of husband and wife existed, to enable her to try the issues in the manner required by law.

AFFIRMED.