RALPH PASCALE

vs.

ROSE PASCALE

Superior Court      New Haven County      File #52775

Present:   Hon. ARTHUR F. ELLS, Judge.

Herbert L. Emanuelson        Attorney for the Plaintiff.

Levy & Levy,                 Attorneys for the Defendant.

## MEMORANDUM FILED JULY 19, 1937.

ELLS, J.   Here is a new question of law,—has this Court power to order alimony pendente lite in an annulment case?

The husband alleges the marriage "was accomplished through the aid of intimidation, duress and threat, and was not of the free will and accord of the plaintiff". The wife has filed three motions,—one for alimony pendente lite, one for an allowance to defend, and one for support of the child.

"Alimony is the creature of statute" **Cary vs. Cary, 112 Conn. at 258.** Our statutes allow it, both pendente lite and upon final judgment, in divorce actions **(Sec. 5182)**; but in annulment proceedings grant it only upon final judgment **(Sec. 5188).** The first motion is therefore denied.

As to an allowance to defend. "The expense necessary for the wife to carry on her own action for divorce or separation, or to defend the action against her for a divorce or annulment of the marriage, is usually allowed the wife; this is a recog- nized part of our procedure." **Valuzzo vs. Valuzzo, 104 Conn. at 155.** This case, not cited by either party in its brief, is decisive, and the matter being within the sound discretion of the Court, the motion is granted, and the sum of $75. ordered

paid within two weeks of this date.

The motion for support of minor child is defective in that it does not allege it is a child of this plaintiff (husband). Our statutes, in granting support, always speak of "a child of the marriage". The issue was not raised here and therefore cannot be decided. The wife has a complete remedy under Sec. 6265, provided she proves it was "his child". This motion is denied.