## GEORGE J. HALL

*vs.*

## OLIVE IRENE HALL ET AL.

Superior Court        Windham County        File No. 7866

### MEMORANDUM FILED NOVEMBER 27, 1940.

*Irwin I. Krug,* of Willimantic, for the Plaintiff.

*Frederick S. Harris,* of Meriden, for the Defendants.

KING, J.   The plaintiff alleges in his complaint that he married the defendant, Olive Irene Hall, on April 10, 1909, and that they lived together until 1937; that on July 23, 1937, she obtained a purported decree of divorce in Reno, Nevada, and that the plaintiff married the defendant, Florence War-wick Hall, in March, 1940.   The action seeks a declaratory judgment as to the validity of the Reno divorce (presumably because of lack of residence and domicile in Nevada on the part of the defendant Olive Irene Hall) and advice as to the respective marital status of each of the parties.   In all its sub-stantial procedural aspects this action follows that of *Mills vs. Mills,* 119 Conn. 612.

The defendant Florence Warwick Hall has not as yet filed any answer or cross complaint, but has filed a motion for an allowance to defend and for support.   It is on the determ-ination of this motion that the parties are at issue.

1. ALLOWANCE FOR SUPPORT. The effect of the decision in this action may be to adjudicate that the marriage between the plaintiff and the defendant Olive Irene Hall was never legally dissolved by the purported Nevada divorce. Such was the case in *Mills vs. Mills, supra*.

Under these circumstances the purported marriage between the plaintiff and the defendant Florence Warwick Hall would probably be not merely voidable but void. In either case the provisions of section 5188 of the General Statutes, Revision of 1930, as amended by section 1316e of the 1939 Supplement to the General Statutes, would apply, and "alimony" could be allowed. *Stapleberg vs. Stapleberg,* 77 Conn. 31, 35. There is no reason to believe that the substantial rights of the parties are changed because this action is instituted under the declaratory judgment act rather than by a direct application for an annulment under the provisions of said section 5188 as amended by said section 1316e. In either type of action the court would· "pass a decree declaring [the] marriage void" within the meaning of section 5188. Nor is the question as to whether the purported marriage was *void* or *voidable* material. *Stapleberg vs. Stapleberg, supra,* 35; *Davis vs. Davis,* 119 Conn. 194, 196; Supp. (1939) §1316e.

But the plaintiff also claims that the word "thereupon", as used in section 5188 as amended by section 1316e prevents the court from making an allowance for support prior to an adjudication of nullity, or, in other words, that "alimony", but not "alimony *pendente lite*", may be allowed.

Although the motion merely asks an allowance for support, as distinguished from an allowance for support during the pendency of this action, it is obvious that at this time the only allowance which could be made would be one *pendente lite*.

The claim of the plaintiff, although it involves a strict construction of the statute, is sound. *Pascale vs. Pascale,* 5 Conn. Sup. 224. It is significant that the amendment (§1316e) to section 5188 was enacted nearly two years after the *Pascale* decision, but does not attempt to change the rule of law as laid down in that case. This is strong evidence that such a strict construction correctly interprets the actual as well as the expressed intention of the General Assembly.

The motion for alimony *pendente lite* should be denied.

2. ALLOWANCE TO DEFEND. This allowance may be made

if the facts warrant it. *Pascale vs. Pascale, supra.*

As already pointed out, the plaintiff has secured for himself no especial privilege by proceeding in this action for a declaratory judgment rather than for an annulment. The present procedure is preferable principally because the validity of the second marriage revolves around the question of the efficacy of the divorce of Olive Irene Hall, and for this reason it is desirable and proper that she should be made a party, as she has been in this action. This could better be done here, than in an action for annulment brought by the plaintiff against the defendant Florence Warwick Hall.

The decision referred to by the plaintiff in *West Haven Bank & Trust Co. vs. McCoy,* 117 Conn. 489, 496, holding that no allowance for counsel fees may be made in an action for a declaratory judgment, in all ordinary cases undoubtedly would be entitled to be given conclusive effect. But here, due to the peculiar circumstances involved in this action, including the status of this defendant as a privileged litigant, the decision in the *McCoy* case is not controlling. *Valluzzo vs. Valluzzo,* 104 Conn. 152, 155; *Pascale vs. Pascale, supra.*

That the defendant Florence Warwick Hall is not entitled to alimony *pendente lite* and must look to her own resources for support during the pendency of this action, has an important bearing on her factual right to an allowance to defend. Her income is derived principally from a trust fund established for her by a former husband. It does not appear that she has any interest in, or right to draw on, the principal.

She may have some earning power, but this is uncertain. She has some personal jewelry which might be sold, but how much she could so realize is also uncertain. The case will require considerably more effort on the part of counsel for this defendant than would an ordinary action for divorce.

Under all the circumstances, an allowance of counsel fees in the amount hereinafter set forth should be made. *Steinmann vs. Steinmann,* 121 Conn. 498, 505.

3. CONCLUSION. For the foregoing reasons, the motion for alimony *pendente lite* is denied; and the motion for an allowance to defend is granted in the amount of $50 payable to this defendant's counsel of record on or before December 21, 1940, and a further sum of $50 so payable if and when this action is claimed for the trial list.