## CATHERINE T. DOWLING
### *vs.*
## JOHN J. DOWLING

Superior Court        Hartford County        File No. 70892

MEMORANDUM FILED APRIL 11, 1944.

*Joseph P. Cooney,* of Hartford, for the Plaintiff.

*Richard Levin,* Specially, of Hartford, for the Defendant.

INGLIS, J. This is an action in equity to compel a husband to support his wife, and the present application is for

a temporary mandatory injunction directing the defendant to pay the plaintiff support money pending the determination of the action.

It appeared on the hearing that the parties were married on June 26, 1918, but that the husband obtained a decree of divorce from the plaintiff at Reno, Nevada, on December 20, 1943, and, incidentally, married another woman in New York, N. Y., on January 12, 1944. The plaintiff, of course, claims that the Reno divorce was void for lack of *bona fide* residence but the defendant appears to have had at least a colorable residence in Nevada at the time he obtained the divorce, so that it cannot be found at this stage of the proceedings that the divorce was void.

It is, of course, fundamental that the purpose of a temporary injunction is to maintain the *status quo* and that therefore a temporary injunction which is mandatory in essence will be issued only in cases where the need is unusually urgent and the right is extremely clear.

We, in this State, have no statute which authorizes the awarding of temporary support to a wife in an equitable action for support. Accordingly, such an injunction as is here asked may issue only in so far as it accords with the recognized equitable principles. The authorities generally hold that in such actions as this where the claimed husband denies the existence of the marriage and in particular where he claims that the marriage has been terminated by divorce and the wife claims that the divorce is a nullity, no order for temporary support should enter. *State ex rel. Lloyd vs. Superior Court,* 55 Wash. 347, 104 Pac. 771, 25 L.R.A. n.s. 387; *Chapman vs. Parsons,* 66 W. Va. 307, 66 S.E. 461, 24 L.R.A. n.s. 1015; *McFarland vs. McFarland,* 51 Iowa 565, 2 N.W. 269. To compel a man to support a woman pending the final determination of their rights under such circumstances is to change the *status quo* without the right of the claimed wife to the support being clear.

The same reasoning applies to the present case. The *status quo* is that the defendant is not supporting the plaintiff. On the face of the matter his Nevada divorce has relieved him of the obligation to support her. To issue a mandatory injunction directing him to pay her support pending the action would be to take money from him and pay it to the plaintiff without

a final adjudication that he is obligated to pay it and without it appearing clearly that in the end she will get such an adjudication. The mere fact that pending the action she may suffer for lack of such support does not offer any more justification for compelling him to pay it to her before her right to it is adjudicated than would the poverty of a plaintiff in any action for the recovery of money justify a court in ordering the defendant to pay over at least a part of the money claimed before an adjudication that it was due.

The application for a temporary injunction is denied.