CYNTHIA STOCKNOW ET AL. v. CHARLES STOCKNOW

SUPERIOR COURT      NEW HAVEN COUNTY      FILE NO. 16246
AT WATERBURY

Memorandum filed June 21, 1946.

*Alfred L. Finkelstein*, of Waterbury, for the Plaintiff.

*Michael Blansfield* and *Harry Albert*, both of Waterbury, for the Defendant.

QUINLAN, J.   While there seems to be a cleavage among the state courts as to allowances pendente lite, the majority view is in favor of such an allowance. 27 Am. Jur. § 414. It is true that proceedings under a divorce statute must be within the limits of the authority given. In the case of *Chapman* v. *Parsons,* 66 W. Va. 307, 311, cited for the contra view, the opinion says: 'Indeed there is no jurisdiction in a court to award alimony of any character except in a suit for divorce, or, it may be, in a distinct equity suit based solely upon the duties of a marriage relation before that relation is broken by a decree of divorce or separation."

Here the suit is based on an underlying marriage relation. "The inherent right of equity to entertain an action for alimony apart from any proceeding for divorce is not taken away by a statute authorizing the granting of alimony in an action for divorce, or by a statute making it a misdemeanor for a person wilfully to neglect to provide support for his wife." This is the view of the courts favorable to an allowance. *Lang* v. *Lang,* 70 W. Va. 205, 207, 38 L. R. A. (N. S.) 950; *Hagert* v. *Hagert,* 22 N. D. 290, 38 L. R. A. (N. S.) 966.

Reason and justice support such an attitude. It is the husband's duty to support. It is the policy of the law to discourage divorce. The wife should not be compelled to seek such redress to obtain her support. The complaint is broad enough to cover an equitable demand. After all, it is not alimony as such that she is seeking, merely maintenance, according as she and her child may be entitled to it. Temporary support and maintenance are an incident of the suit.

The matter may be claimed for a hearing as to amount in accordance herewith.