RHODA GELFENBEIN v. SAMUEL GELFENBEIN

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 83578-J

Memorandum filed December 23, 1948.

*Benjamin Rabinovitz*, of Hartford, for the Plaintiff.

*Morris J. Cutler*, of Hartford, for the Defendant.

KING, J.  This is an equitable action for support of herself and child brought by the plaintiff wife against the defendant husband under the rule of *Artman* v. *Artman* (1930) 111 Conn. 124 and similar subsequent cases.  The process is dated November 15, 1948 and is made returnable to the first Tuesday of December.

The present motion (No. 2 in file) seeks, pendente lite, (1) support for the plaintiff and her child and (2) counsel fees.  The defendant's attorney opposed the motion, in limine, on the ground that such allowances, pendente lite, were not allowed in such cases.  In support of this claim he relied especially upon *Dowling* v. *Dowling* (1944) 12 Conn. Sup. 442, 443 and upon an article appearing in 22 Conn. Bar Journal, 203 (September, 1948) at pages 236 through 242.  He also claimed that the wife and child had an adequate remedy under both the criminal nonsupport statute (G. S. 6265 as amended by 1702c) and also under the statutory nonsupport civil procedure (G. S. 1717 as amended by 563e).

Counsel for both sides agreed that orderly procedure called for the determination of this preliminary question first before hearing the motion on the merits.  Since under our Connecticut procedure no pleading is addressed to an interlocutory motion, it is impossible to proceed in the lawyerlike way which would be possible if our practice permitted the use of a demurrer addressed to a motion such as this. *Kiessling* v. *Kiessling* (1948) 134 Conn. 564, 568.

As pointed out by the plaintiff, the weight of authority is in favor of the allowance of support pendente lite in an equitable action such as this upon a proper factual showing. *Stocknow* v. *Stocknow* (1946) 14 Conn. Sup. 319. Cases are collected in 141 A. L. R. 428, in which the conclusion of the annotator accords with the plaintiff's claim. Connecticut has already gone far beyond the classic limitations on equitable actions for support as outlined in Pomeroy on Equity, Section 1119. The existence of the other remedies suggested by the defendant has been rejected by our Supreme Court as a ground for denying an equitable action for support. *Smith* v. *Smith* (1932) 114 Conn. 575, 578. Nor is there any reason for unduly restricting such relief merely because it is pendente lite. See *Rogers* v. *Kinnie* (1947) 134 Conn. 58, 63.

No statute is involved as was the case in *Hall* v. *Hall* (1940) 9 Conn. Sup. 1, 2. Nor is the validity of the marriage in controversy as in *Hall* v. *Hall,* supra, or *Dowling* v. *Dowling,* supra.

It should be added that counsel made no distinction between an allowance, pendente lite, of support and of counsel fees. The whole argument was based on the question of support, pendente lite. Nor was any point made of the nonjoinder of the child as a party plaintiff. Especially in view of the informal state of the pleadings growing out of our procedure as to motions as previously referred to, the Court takes the matter as presented by counsel and decides only the question presented, which was the right of the Court, upon a proper showing, to award support pendente lite. *Anselmo* v. *Cox* (1948) 135 Conn. 78, 79.

The motion is directed to be heard on its merits.