ANGELINA ARDOLINO v. ANTHONY ARDOLINO

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 73289

Memorandum filed April 5, 1950.

*Howard A. Jacobs,* of New Haven, for the Plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the Defendant.

MOLLOY, J. The pending issue in this case is whether the Superior Court may award temporary maintenance in an action brought under and by virtue of § 7340, of the General Statutes. This statute provides: "Upon the dissolution of any marriage by divorce, the parents of a minor child of such marriage, who is in need of maintenance, shall maintain such child according to their respective abilities, and, upon the complaint of either parent, then or thereafter made to the superior court, it shall inquire into their pecuniary ability, and may make and enforce such decree against either or both of them, for the maintenance of such child as it shall consider just, and may direct security to be given therefor." The statute makes no explicit reference to orders for maintenance pendente lite.

On June 27, 1947, the defendant obtained a decree of divorce from the plaintiff on the grounds of intolerable cruelty. According to the defendant's brief, the father of the plaintiff brought an action against the defendant on June 29, 1949, for necessaries of the child named in the instant case, which was brought on October 10, 1949.

The contentions of the defendant are first, that the statute by its wording ". . . and may make and enforce such decree against either or both of them . . ." indicates that a final determination of the cause is contemplated, and not a temporary one; and that other statutes provide for more summary proceedings for the immediate support of children; therefore the legislature must have had this thought in mind when the instant statute was passed, and so intended only for a final decree rather than for a temporary one. A very good and understanding argument can be made in support of these contentions, as evidenced by the defendant's brief. This is particularly so in the claim that to grant temporary maintenance without final adjudication would involve a trial of issues twice. Likewise the argument of the plaintiff as to the equitable nature of this proceeding resulting in a wide discretion in the court to determine what is for the best interest of the child, which may necessitate an order for temporary maintenance before final adjudication. This line of argument is appealing also; so that the court has been "hard put to it" to determine which to adopt.

It seems hardly advisable to enter into any lengthy observations as to these contrary contentions. One or the other must prevail. In *Gelfenbein* v. *Gelfenbein,* 16 Conn. Sup. 68, 69, which was an action for support brought by a wife and child against a husband and father, the court said: ". . . the weight of authority is in favor of the allowance of support pendente lite in an equitable action such as this upon a proper factual showing. *Stocknow* v. *Stocknow,* 14 Conn. Sup. 319. . . . The existence of the other remedies suggested by the defendant has been rejected by our Supreme Court as a ground for denying equitable action for support. *Smith* v. *Smith,* 114 Conn. 575, 578. Nor is there any reason for unduly restricting such relief merely because it is pendente lite."

That position was substantially taken in *Stocknow* v. *Stocknow,* 14 Conn. Sup. 319, which was also an action by a wife for support. The court said, "Temporary support and mainten-

ance are an incident of the suit," which is based on the under-lying marriage relation.

*Dowling* v. *Dowling,* 12 Conn. Sup. 442, 443, was also an action by a wife for support, wherein the defendant contended the marriage had been terminated by divorce, which the wife claimed was a nullity. The court denied the application for a mandatory injunction saying: "To issue a mandatory injunction directing him to pay support pending the action would be to take money from him and pay it to the plaintiff without a final adjudication that he is obliged to pay it and without it appearing clearly that in the end she will get such an adjudication.'

The *Gelfenbein* and *Stocknow* cases are in agreement and if this was an action, by a wife or a wife and child, for support this court would not hesitate to go along with the statement quoted from the Gelfenbein case and the position taken by the *Stocknow* case. On the other hand, the conclusion quoted from the *Dowling* case, under the facts disclosed, seems reasonable and logical. None of these cases gives the answer to the instant problem, for in this case we do not have a subsisting marriage relationship with the fundamental duty resting upon the hus-band to support his wife, thus giving rise to the reasonableness of support pendente lite, when dissension and separation occur; nor do we have the question of validity of the divorce with all its uncertainty, in question; we have a valid divorce.

The court has read the article in 22 Conn. Bar Journal, number 3, pages 203, 236, 242. It is indeed informative. *Artman* v. *Artman,* 111 Conn. 124, and *Smith* v *Smith,* 114 Conn. 575, are referred to as going on the basis of the wife's inherent right to support in an equity proceeding. "Neither one contains authority for the proposition that *pending final adjudication* of the cause the wife is entitled to maintenance." Id., 238. Be that conclusion sound or unsound, the instant case differs from the support claimed by a wife in that § 7340 does not provide for an order or provide for varying or annull-ing an order. It was the obvious intent of the statute to pro-vide for a final adjudication rather than for an interlocutory proceeding to determine the issues involved. As the defendant contends, "The issues to be determined in a case under the statute involve: a finding that the marriage has been dissolved by divorce; that the parties are the parents of a minor child of such marriage; that such child is in need of maintenance; the respective pecuniary abilities of the parents to maintain the

child; the amount each or both parents should contribute for the maintenance of such child; the security, if any, that either or both should provide." That the legislature did not intend to have all these issues tried twice seems a reasonable conclusion.

The statute in question was passed after *Finch* v. *Finch,* 22 Conn. 441, denied a mother recovery for support of her child in an action brought after divorce. It changed the common law and it is fair to conclude that if the legislature intended pendente lite support in an action brought by a divorced parent it would have said so.

The motion for temporary maintenance is therefore denied.