MARJORIE F. ZARIFIS *v.* DONALD P. ZARIFIS

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 119124 F.R.
AT NEW HAVEN

Memorandum filed March 28, 1969

*Max H. Schwartz,* of New Haven, for the plaintiff.

*Lander, Greenfield & Krick,* of New Haven, for the defendant.

GRILLO, J. The bone of contention herein relates to a motion for temporary support of the minor children of the parties and for counsel fees. The court, with the acquiescence of the parties, determined that it should first decide whether the motion is legally recognizable under the law of this state. In the second count of her complaint, the plaintiff seeks an order for the support of herself and the defendant's four minor children, the allegation being that she was awarded a judgment of divorce against the defendant by the District Court of the state of Iowa on January 19, 1967, with an appropriate order for the children's support. The brief of the plaintiff alleges that she was also awarded custody of the four children.

These proceedings are governed by § 46-26 of the General Statutes, which statute represents a change in the common law.[1] At common law the primary obligation for the support of minor legitimate children rested on the father. That obligation was not terminated by the divorce of the parents of the child although, by virtue of § 46-26 of the General Statutes, after divorce the obligation may be enforced against either or both of them according to their respective abilities. *White* v. *White*, 138 Conn. 1, 5. The statute requires the following facts to be determined in a case under the statute: That the marriage has been dissolved by divorce; that the parties are the parents of a minor child of such marriage; that such child is in need of maintenance; what are the respective pecuniary abilities of the parents to maintain the child; what is the amount either or both parents should contribute for the maintenance of such child; and what security, if any, either or both should provide.

This case stands on a different footing from a divorce action or an equitable action for support brought by a wife so far as the instant motion is concerned. In the first place, the statutes of this state relating to divorce litigation specifically provide for motions of this kind justifying pendente lite orders. General Statutes §§ 46-21, 46-24. These orders are viewed as ancillary and incidental to the complete determination of divorce proceedings pending be-

[1] "Sec. 46-26. SUPPORT OF CHILDREN. Upon the dissolution of any marriage by divorce, the parents of a minor child of such marriage, who is in need of maintenance, shall maintain such child according to their respective abilities, and, upon the complaint of either parent made to the superior court, or upon motion, with order and summons, made to the superior court in any such case by either parent or by the commissioner of finance and control subsequent to the granting of a decree of divorce, it shall inquire into their pecuniary ability and may make and enforce such decree against either or both of them for the maintenance of such child as it considers just, and may direct security to be given therefor."

fore the court. *Dunham* v. *Dunham,* 97 Conn. 440, 444. In order for the court, in divorce litigation, to pass on pendente lite motions, it need not inquire into the merits of the action. *Valluzzo* v. *Valluzzo,* 104 Conn. 152, 155. With reference to motions for temporary support in a wife's action for support, since prima facie the husband's obligation to support his wife is a continuing one, all that is ordinarily necessary to justify an order for support pendente lite is proof of the marriage and the husband's ability to support. *Marino* v. *Marino,* 136 Conn. 617, 619. Even though, to quote the Madison Avenue phrasemakers, wives, in shedding their subservience to their husbands, "have come a long, long way," their status is still so regarded that in matrimonial cases it is often said that a wife is a privileged litigant. *Valluzzo* v. *Valluzzo,* supra; Keezer, Marriage and Divorce (3d Ed.) § 605.

In the present action, however, the plaintiff does not sue in the capacity of a wife. She cannot, therefore, urge the legal propositions referred to above. There is no statutory provision for the temporary order which the plaintiff now seeks. The statute (§ 46-26), being in derogation of the common law, should be strictly construed. *Mack* v. *Saars,* 150 Conn. 290, 294. The motion for the court is ancillary to nothing because for the court to determine the issue presented by the motion would be to decide the action on its merits. Whether the defendant or, indeed, the plaintiff herself is obliged to provide that support and if so, how much, is the crux of the issue in the case now pending. Since the plaintiff's right emanates from § 46-26 and requires her to establish the existence of those elements set forth in the statute, the court cannot entertain this motion in the same manner as one for temporary alimony in a divorce case or for temporary support in an equitable action by a wife, where the inquiry as hereinbe-

fore stated is limited. For the court to pass upon the plaintiff's motion through interlocutory procedure before trial would be in fact, therefore, to decide the case before trial. That the legislature did not intend to have all these issues tried twice seems a reasonable conclusion. The statute changed the common law, and it is fair to conclude that, if the legislature intended pendente lite support in an action brought by a divorced parent, it would have said so. *Ardolino* v. *Ardolino,* 16 Conn. Sup. 512, 515; *German* v. *German,* 7 Conn. Sup. 103, 104.

In proceedings by minor children against their parents for support, in the absence of statute, maintenance, counsel fees, or suit money may not be allowed the child pendente lite. *Green* v. *Green,* 210 N.C. 147; 67 C.J.S. 717, Parent and Child, § 20. This procedure would seem to the court to be equitable since it protects the divorced defendant from being obligated to make payments, although temporary, in a case where, upon a full hearing, he ultimately displays his nonliability therefor. See, for example, *White* v. *White,* 138 Conn. 1, 7, 11. It is eminently fair since, should judgment ultimately be rendered against the plaintiff, the defendant would have no right to be reimbursed for payments previously ordered and subsequently found to be unjustified in law. *Hiss* v. *Hiss,* 135 Conn. 333, 336. On the other hand, the order for the child support, if the defendant is found to be liable therefor, may be made retroactive to the date of the filing of the action. 67 C.J.S. 717, Parent and Child, § 20. At that time also the court can, if it deems it just, order counsel fees encompassing all of counsel's labor. See *Krasnow* v. *Krasnow,* 140 Conn. 254, 262.

The motion is denied.